CASES 11—PETITION ORDINARY—JAN. 26.

## Bethuram v. Black, &c.

### APPEAL FROM ROCKCASTLE CIRCUIT COURT.

1. A JUSTICE HAS NO POWER TO ISSUE A WRIT OF HABEAS CORPUS when a circuit judge, chancery judge, police judge, or county judge is in the county.

    *A justice issued the writ in this case* upon the application of the prisoner, in which he stated that the circuit judge was absent from the county, and that the county judge was so prejudiced against him that he refused to grant the writ and was incapacitated to act in the matter. *Held,* that the justice was not authorized to issue the writ, and that it was a nullity and might be wholly disregarded.

2. *For refusing to obey the writ* so wrongfully issued the prisoner sued the jailer and his sureties for the statutory penalty of one thousand dollars. On the facts appearing in the plaintiff's petition and exhibits filed therewith, the circuit court properly sustained a demurrer to the petition and dismissed the action.

3. *The justice had no authority,* after the amount of the bail required of a prisoner had been fixed by the court that committed him, to revise the order or to reduce the amount of bail so fixed, and should have refused the writ. (7 Cush. 285; 3 Peters, 201.)

4. *A person in prison is not entitled to a writ of habeas corpus as of course.*
    *It is a discretionary writ* to be issued only upon probable cause being shown, and if upon the face of a petition therefor it appears that there is no sufficient ground for the release of the prisoner the writ will be denied. (3 Black, 132; 2 Jon. 13; 7 Cush. 285; 7 Wheaton, 38; 1 Serg. & R. 353; 4 Am. Law Reg. 27; 3 Peters, 201.)

GEO. DENNY, JR. . . . . . . . . . . For Appellant,

CITED

General Statutes, chap. 61, p. 565.
Constitution of Kentucky, art. 13, sec. 17.
Criminal Code, secs, 395, 61.
2 Bush, 3, Branham v. Commonwealth.
5 Bush, 312, Creekmore, &c. v. Commonwealth.

McCLEARY, KIRTLEY & BYRON, . . . . For Appellees,

CITED

Revised Statutes, chap. 45.
Criminal Code, secs. 7, 61.
2 Bush, 3, Branham v. Commonwealth.

JUDGE COFER DELIVERED THE OPINION OF. THE COURT.

This action was brought by the appellant against the appellee, E. W. Black, jailer of Rockcastle County, and the sureties in his official bond, to recover the penalty given by section 8 of the *habeas corpus* act for disobeying that writ.  He alleged in substance that at the September term of the Rockcastle Circuit Court he was indicted by the grand jury of that county for the crime of arson; that he was committed to jail by the circuit court in default of bail in the sum of $1,500; that on the — day of October of that year he presented his petition to a justice of the peace of said county, alleging that he was innocent of the crime and was unlawfully detained in jail, and that the bail required of him was excessive; that the circuit judge was then absent from the county, and the county judge had refused to grant the writ and was incapacitated to act on account of being prejudiced against him; and that the justice applied to granted the writ directed to the appellee, who held him in custody; that it was served, and the appellee made return thereon to the justice who issued the writ and another sitting with him to hear the cause; that the appellee refused to obey the writ and bring him before the justices; that they adjudged the response insufficient and ordered the appellee to bring him before them, but he refused to do so.  He made his petition for the writ, the writ itself, and the appellee's return thereon part of the petition, and prayed judgment for the statutory penalty of one thousand dollars.

The appellee demurred to the petition, and his demurrer was sustained and the petition was dismissed, and this appeal is prosecuted to reverse that judgment.

Section 8 of the *habeas corpus* act provides that if any per-

son on whom such writ is served fails to bring the body of the petitioner, with a return of the cause of his detention, at the time and place specified in said writ, he shall forfeit and pay to the prisoner one thousand dollars.

This statute is plain and peremptory, and if the writ be issued by an officer having jurisdiction, the one to whom it is directed and upon whom it has been served has no discretion, but must obey it by producing the body of the prisoner at the time and place named in said writ, if it is in his power to do so, or he will be liable for the penalty. But if the writ be issued by one not authorized to issue it, it is a nullity, and may be wholly disregarded.

The only question therefore which is presented by the appeal is whether, on the facts stated in the petition in this case, a justice of the peace had power to issue the writ alleged to have been disobeyed.

Section 1 of the *habeas corpus* act provides that "the writ of *habeas corpus* shall be issued, upon proper application, by the following officers: 1. By a judge of a circuit court or any chancery court during the sitting of the respective courts or in vacation. 2. Where there is no judge of the circuit or chancery court at the time in the county, then by a police judge of any city or town or judge of the county court, *or, in their absence from the county, by a justice of the peace.*"

The appellant stated that the circuit judge was absent from the county when he applied to the justice for the writ, and that the county judge was so prejudiced against him that he refused to grant the writ, and was incapacitated to act in the matter.

Did the fact that the appellant stated, in his petition for the writ, that the county judge was incapacitated by his prejudice against him to act in the matter, and his statement that he refused to grant the writ, confer jurisdiction upon a justice of the peace to issue it? The statute does not confer power alike

Bethuram v. Black, &c.

upon judges of circuit and chancery courts, police judges, county judges, and justices, to issue writs of *habeas corpus* and then prescribe the order in which they shall be applied to, but it only confers the power upon the police and county judge in the event there is at the time no circuit or chancery judge in the county, and it only confers such power upon justices when there is neither a circuit judge, chancery judge, police judge, or county judge in the county at the time a justice is applied to; in other words, when any of the judges named are in the county a justice of the peace has no power to issue a writ of *habeas corpus*.

It is insisted, however, by counsel for the appellant that when from any cause the county judge, although present, can not or will not act he should be regarded as absent, and that justices should in such a case be held to have the power to act. Whether the public welfare or the liberties of the citizen demand that incapacity or refusal of the officers first named in the act should be made to confer jurisdiction upon subordinate officers is a question for the law-making power and not for the judiciary. To put it in the power of inferior judicial officers, upon the *ex parte* statement of the person applying for a writ of *habeas corpus*, to have himself brought before such officers, notwithstanding the presence in the county of one or more of the officers of higher grade, might be fraught with consequences dangerous to the public, while but little inconvenience and slight hardship can result from adhering to the rule indicated. Circuit judges and chancellors, and, by the provisions of the special acts creating common pleas and criminal courts, the judges of these courts also, may issue writs of *habeas corpus* directed to persons in any portion of the state, and from the number of such judges in the commonwealth some one of them can generally be reached by any one having occasion to ask the benefit of the writ without great delay or inconvenience.

We are therefore of the opinion that as it does not appear that

the county judge was absent, and that there was at the time no police judge in the county, the justice had no jurisdiction to issue the writ, and that it was therefore void, and the appellee is not liable to the statutory penalty for disobeying it.

.A person in prison is not entitled to a writ of *habeas corpus*, as of course. It is a discretionary writ, to be issued only upon probable cause being shown, and if upon the face of a petition therefor it appears that there is no sufficient ground for the release of the prisoner the writ will be denied. (3 Black. 132; Bushel's case, 2 Jon. 13; Sims's case, 7 Cush. 285; *Ex parte* Kearney, 7 Wheaton, 38; Commonwealth v. Robinson, 1 Serg. & R., 353; *Ex parte* Williams, 4 Am. Law Reg. 27, 3 Peters, 201.)

. This is in harmony with our statute, which provides that the writ shall be granted forthwith by any of the officers empowered to grant it when proper application is made by petition, showing by affidavit or other evidence probable cause to believe he is detained without lawful authority or is imprisoned when by law he is entitled to bail. (Section 3 Habeas Corpus Act.)

The appellant's petition showed that he was detained by lawful authority, and that his bail had been fixed by the court by which he was committed; and the only ground of complaint was that the amount of bail fixed was excessive. The statute gave the circuit court power to fix the amount of bail to be required, and that court having done so, a justice had no authority to revise the order, and should have refused the writ. (7 Cush. 285; 3 Peters, 201.)

In the case of Creekmore v. The Commonwealth (5 Bush, 312) this court held that where one under indictment in the circuit court had been committed and that court had adjourned without making an order in respect to bail, two justices had power, there being no circuit or chancery judge or judge of the county court in the county, to cause the prisoner to be

brought before them and to admit him to bail. But in that case it appeared that the prisoner was detained in jail when he was entitled to bail. That case is therefore no authority for holding that the justice who issued the writ in this case had authority to do so.

We are therefore of the opinion that the court did not err in sustaining appellee's demurrer to the petition, and the judgment is affirmed.