# Commonwealth, on Relation, etc. v. Carmackle, Police Judge, etc.

(Decided June 24, 1921.)

## Petition for Writ of Prohibition.

1. Habeas Corpus—When Police Judge May Issue Writ.—Where there is no circuit judge in a county the police judge in a town

where a prisoner is confined may issue a writ of habeas corpus where the prisoner is not confined under the order of an examining court which has failed to grant bail, and where an order of the circuit court has not been made fixing bail, or refusing bail.

2.  Habeas Corpus—Where Writ Returnable.—Where a writ of habeas corpus is issued it must be made returnable before the circuit judge if in the county and qualified to act; if no circuit judge is in the county qualified and able to act it must be returned before the county judge if in the county and qualified and able to act. If both the circuit and county judges are absent it may be heard by the judge of the police court.

CHAS. I. DAWSON, Attorney General, for plaintiff.

R. N. JARVIS and H. H. OWENS for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Dismissing the petition.

John Bailey was indicted for the crime of murder in the Knox circuit court, and by an order of the same court was being held in the custody of the jailer of Harlan county upon the charge of which he was indicted. For the purpose of being admitted to bail for his appearance to answer the indictment, he procured the judge of the circuit court for the district of which Harlan county is a part, to cause the jailer of Harlan county to produce him before the judge, by a writ of habeas corpus. After a hearing before the circuit judge upon the writ, and the return thereto, the judge denied him the right to execute bail, and remanded him to the jailer. In the meantime, the Knox circuit court wherein the indictment was pending, granted a change of venue of the prosecution, under the indictment to the circuit court of Rockcastle county, and Bailey was, by the order of the Knox circuit court, transferred to and delivered into the custody of the jailer of Rockcastle county, to be there held to answer the indictment. Thereafter at a term of the Rockcastle circuit court, the action was upon the motion of Bailey continued, and he was again remanded to the custody of the jailer to await his trial at another term of the court. Thereafter and after the adjournment of the Rockcastle circuit court, and while the judge of that court was absent from Rockcastle county, Bailey procured the judge of the Mt. Vernon police court to issue a writ of habeas corpus in his behalf, commanding the jailer to bring him before the judge of the county court for the purpose of having a hearing before him, as to whether or not he

should be admitted to bail. For a reason not explained, the writ was not returned before the judge of the county court, but before the police judge, and he was proposing to hear the writ and the issue upon the return thereon. Mt. Vernon is the seat of justice for Rockcastle county and the jail, wherein Bailey was confined, is situated in the town of Mt. Vernon. To prevent the police judge from hearing the writ, a petition was filed in this court for a writ of prohibition, restraining the police judge from so doing, upon the ground that he had no jurisdiction to do so, and a temporary writ was granted against the judge of the police court to restrain his actions, until the further order of this court. The foregoing facts all appear from the petition, and they are the only facts stated in the petition, and the answer of the defendant is such that it does not put anything in issue.

The defendant has demurred specially to the petition upon the ground that this court is without jurisdiction to grant a writ of prohibition against the judge of a police court and relies for his contention upon sections 474 and 479 of the Civil Code, and section 25 of the Criminal Code, by which he contends that exclusive jurisdiction has been granted to the circuit courts to grant writs of prohibition against inferior jurisdictions. Those sections of the Codes, it is true, clothe the circuit courts with jurisdiction to grant writs of prohibition against county, quarterly, fiscal and police courts and justices of the peace, but the jurisdiction of this court in such matters is bestowed by section 110 of the Constitution, and can not be affected by legislative action, such as the provisions of the Codes. The writ of prohibition, however, in this court, is a discretionary one, and its jurisdiction to grant one will not be exercised when the applicant has another adequate remedy. In the instant case, the circuit court was not in session, its judge was absent from the county, and could not be applied to for a temporary preventive order, as provided by section 476, Civil Code. The jurisdiction to restrain, by a writ of prohibition, an inferior jurisdiction, has often been exercised by this court. Board of Prison Commissioners v. Crumbaugh, Police Judge, etc., 161 Ky. 540; Rush v. Denhardt, 138 Ky. 238; I. C. R. R. Co. v. Rice, 154 Ky. 198.

Whether or not the temporary writ granted herein should be made permanent, as a matter of course, de-

pends upon whether the defendant was invested with jurisdiction or judicial power to issue and to hear the writ of habeas corpus, and beyond question when it is sought to prohibit an officer from performing a duty which, under certain circumstances, he has the jurisdiction to perform, upon the ground that he has not jurisdiction, it is incumbent upon the one asserting that the officer is acting beyond his jurisdiction to show that such is the fact. Section 399, Criminal Code, provides that a writ of habeas corpus "shall be issued upon a petition on behalf of any one showing by affidavit or otherwise, probable cause to believe that he is detained, without lawful authority, or is imprisoned when by law he is entitled to bail." That Bailey was being detained by lawful authority, there can be no doubt, and the purpose of the writ as alleged, was that he was claiming that he was being imprisoned when by law he was entitled to bail. And it will be presumed in the absence of a contrary showing, that the purpose of determining whether or not he was entitled to execute bail was the purpose of the writ of habeas corpus. If the circuit court had by an order either admitted him to bail, or had passed upon the question and denied him admission to bail such order could not be revised by a police, or any inferior judge, and under such circumstances such a judge would have been without any kind of authority to have granted or to have heard a writ of habeas corpus in behalf of the prisoner. Bethuram v. Black, 11 Bush 628. In the instant case, however, it is not shown that the circuit court had made any order or had heard any application upon part of the prisoner for bail, nor had any motion on that subject been made and it had adjourned without any order upon that subject. Section 426 of the Criminal Code provides that if an examining court has failed to grant bail to a prisoner charged with a public offense, that a writ of habeas corpus because of imprisonment under the order of such a court, shall not be returnable before or tried by any other officer than the judge of the court before which he was held to answer. In this case, however, there had been no examining trial, and no order of any examining court had been made which denied the prisoner the right to execute bail. The petition shows that there was, at the time of the application for the writ, and at the time it was proposed to be heard, no circuit judge in the county. Under subsection 2 of section 399,

a judge of a police court is authorized to issue a writ of habeas corpus under such circumstances. Section 416 of the Criminal Code provides that a writ of habeas corpus, regardless of who issues the same, shall be returned before and tried by the circuit judge, if there is one, at the time in the county, and qualified and able to act, and if none, it shall be returned before the judge of the county court, if he shall be in the county at the time, qualified and able to act, and except in the absence or disqualification or incapacity to act, of both the circuit and the county judge, can it be returned before or heard by the judge of the police court. There is no statement in the petition, nor is the fact developed at all as to whether the county judge was present in the county and qualified and able to act, and we can only presume in the absence of such showing, that the county judge was also absent from the county, as well as the circuit judge, and under such circumstances the judge of the police court would be authorized to hear the return of the writ. The only grounds upon which it is averred that the police judge was without jurisdiction in the premises, was that a previous writ of habeas corpus had been returned before and heard by a judge of a circuit court, though not the one who presided in the county where the prisoner was in confinement. Such a hearing was not the same kind of hearing as is referred to as an examining court by section 426 of the Criminal Code. Section 429 of the Criminal Code provides as follows: "The judgment upon a trial under a writ of habeas corpus shall not prevent the issuing of another writ for the same cause, nor be given in evidence on the trial under a second writ; but no officer, except the judge of a circuit, criminal, chancery or common pleas court, shall try a writ of habeas corpus, who has tried a former writ issued for the same cause." The purpose of this section is to enable a prisoner to have a second writ of habeas corpus for the same cause, that is, upon the hearing of the first writ, if his application is upon the ground that he is being imprisoned when he is entitled to bail. Facts may have been developed since the hearing of the first writ, which shows him entitled to be admitted to bail, which were not attainable upon the hearing of the first writ, and the statute, as it will be observed, does not prohibit an officer from trying a writ of habeas corpus, who has not tried a former writ, issued for the same cause.

If the same officer has previously heard a writ granted for the same cause, he can not hear a second one, unless he be a judge of a circuit court. In Creekmore v. Com., 5 Bush 312, a prisoner was in confinement under a charge of murder. The circuit court had adjourned without making any order with reference to the question as to whether or not he was entitled to bail. Two justices of the peace, there being no circuit judge nor county judge in the county, were authorized to cause the prisoner to be brought before them, and to admit him to bail. Under the facts and circumstances as developed by the petition, and its exhibits in this case we are unable to discover wherein the defendant was without jurisdiction to grant or to hear the writ of habeas corpus. We can not presume that in such case the officer would abuse his discretion and improperly admit the prisoner to bail.

The petition is therefore dismissed.