## Commonwealth, ex rel. v. Gordon, Judge

(Decided January 23, 1923.)

### Petition for Writ of Prohibition.

1. Prohibition—Bail—Review, Reduction or Increase.—One circuit court has no jurisdiction to review, reduce or increase the bail fixed by another circuit court in a criminal case.

2. Prohibition—Bail—Jurisdiction Retained Until Case Disposed of.—In circuit districts, like the county of Jefferson, where by law there are four or more judges of the circuit court, one of such judges having jurisdiction of the person and of the subject matter in litigation, having fixed the bail of a defendant in a criminal case, retains jurisdiction of the case until it is finally tried and disposed of, and his jurisdiction cannot be ousted by another circuit judge on a writ or *habeas corpus.*

3. Habeas Corpus.—Writ of as Matter of Right.—A defendant con-
fined in jail on indictment charging a felony is not entitled to a
writ of *habeas corpus* as a matter of right.

4. Criminal Law—Criminal Division of Court—Jurisdiction.—Under
section 137 of our Constitution the criminal division of the Jef-
ferson circuit court has exclusive jurisdiction of all criminal cases
within the jurisdiction of the circuits in that district.

BEN F. WASHER, JOHN D. CARROLL and CLEM W. HUGGINS
for defendant.

FRANK M. DRAKE and H. I. FOX for petitioners.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Granting writ of prohibition.

Can a circuit judge presiding over a court of common
pleas of a circuit court having seven judges, on a writ of
*habeas corpus,* reduce the bail fixed by another circuit
judge presiding over the criminal division of said cir-
cuit court in whose court the prisoner had been indicted
and before whom the case stands for trial, is the ques-
tion involved in this proceeding instituted in this court.

The question arose in this way: R. S. Anderson was
indicted in the Jefferson circuit court for several differ-
ent crimes, including three separate charges of carnally
knowing a female under the age of sixteen years; ad-
mitting to his house a female under sixteen years of
age for prostitution and lewdness; and pandering. His
bond in each of the said cases was fixed at a definite sum,
which sums totaled $20,000.00. Anderson was in the Jef-
ferson county jail in the custody of the jailer in default
of bail and had not executed or offered to execute bond
in either of said cases when he, on April 22, 1922, filed in
the Jefferson circuit court, common pleas, second divis-
ion, before the Honorable Thomas R. Gordon, judge
thereof, a petition in which he represented to the said
judge that he was being unlawfully restrained of his lib-
erty by the jailer of Jefferson county by reason of the
fact that he was being held under an excessive bail in vio-
lation of the Constitution of Kentucky, and because he
was being unlawfully held by quarantine orders because
of venereal disease. The writ was issued by the said
judge and made returnable before him on the 24th of
April, 1922. The jailer, Dover, after being served with
the writ commanding him to produce the body of the said
Anderson before the said Gordon, judge, filed his written
response setting forth the facts concerning the indict-

ment of the said Anderson and the fixing of his bond by order in the Jefferson circuit court, criminal division, over which division the Honorable A. T. Burgevin then and now presides as judge, and the failure of the said Anderson to make or offer to make bond in any of said cases. At the hearing of the petition for the writ, before the said Gordon, judge, the said Anderson testified in his own behalf admitting his indictment for the several crimes aforesaid, the entry of an order fixing his bail, his failure to make or offer to make bond in the Jefferson circuit court, criminal division, and his incarceration in the said county jail in consequence of his said failure to make the said bonds which the said Jefferson circuit court, criminal division, had by order required of him. The Commonwealth declined to introduce any evidence except the five indictments returned in the Jefferson circuit court, criminal division, upon which the said Anderson was being held. The truth of the response of the jailer to the writ was not challenged. It, therefore, stood admitted that the said Anderson was being held in custody of the jailer of Jefferson county under orders of the Jefferson circuit court, criminal division, in default of, and until he executed bond in the five said cases in the sums named in the order fixing the same, which said sums totaled $20,000.00. With the record in this condition, the respondent, Hon. Thomas R. Gordon, judge of the Jefferson circuit court, common pleas, second division, undertook to assume jurisdiction in the premises and by order in his said court, reduce each of the aforesaid bonds one-half and fix the total thereof at $10,000.00, and was about to accept from the said Anderson bond in the said sums so fixed by him for Anderson's appearance in the Jefferson circuit court, criminal division, to answer the said five indictments, when this proceeding was instituted in this court for a writ of prohibition restraining and prohibiting Gordon, judge, from further proceeding in the matter and from accepting bonds from the said Anderson in the said sums so fixed and from releasing and discharging the said Anderson from the custody of the jailer.

The respondent judge filed his answer, in which he set forth in substance the petition of Anderson for a writ of *habeas corpus* and embodied a copy of the response of Thomas A. Dover, jailer, showing how, when and why the said Anderson came into his custody and was then being held, and the further fact that the said

response was prepared and filed by an assistant Commonwealth's attorney of Jefferson county. Holding that the response of the jailer was insufficient in that it only stated that "he (the jailer) was informed the bond of Anderson is a reasonable one; relying upon the failure of the attorney for the Commonwealth to allege or contend that the judge of the Jefferson circuit court, common pleas, second division, did not have jurisdiction or power to hear and determine the application for the writ of *habeas corpus,* or the writ issued pursuant to said application, granted the writ and entered the order reducing the bond of Anderson."

Jefferson county is a circuit court district, and as such has seven judges. These judges are voted for and elected separately; one for the criminal branch of said court; two for the chancery branch, and four for the common pleas branch. Each judge holds a separate court independent of the other branches of that circuit. The judge of the criminal division has jurisdiction of all criminal cases, while all other litigation in said district is distributed between the other branches of the court in accordance with the rules of the court made in general term or as prescribed by law. Our present Constitution, section 137, providing for the establishment of courts in counties having more than 150,000 population says: "Each of the judges in such a district shall hold a separate court, except when a general term may be held for the purpose of making rules of court, or as may be required by law; provided, no general term shall have power to review any order, decision or proceeding of any branch of the court in said district made in separate term. There shall be one clerk for such district who shall be known as the clerk of the circuit court. *Criminal causes* shall be under the *exclusive jurisdiction* of some one branch of said court, and all other litigation in said district, of which the circuit court may have jurisdiction, shall be distributed as equally as may be between the other branches thereof, in accordance with the rules of the court made in general term or as may be prescribed by law."

At the conclusion of his response in this case Gordon, judge, submits the four following propositions as justification for his action in granting the writ:

1. That the respondent was required under the law to grant the writ of *habeas corpus* applied for by R. S. Anderson.

2. That if the said Anderson was restrained of his liberty by reason of excessive bail being demanded in violation of the Constitution of Kentucky, he was illegally restrained and the writ of *habeas corpus* should have been granted.

3. That from the evidence before the respondent judge, uncontradicted and unchallenged, it was made to appear that the bail fixed was excessive and in violation of the Constitution of the state.

4. That this respondent acted properly in granting the writ of *habeas corpus* to the extent that the excessive bail was reduced to an amount in keeping with the constitutional rights of the said Anderson.

It is undoubtedly true that prohibition is an extraordinary legal remedy, and can only be resorted to in cases of usurpations of jurisdiction or power by an inferior court, or when, in the exercise of jurisdiction in handling matters clearly within its cognizance, the inferior court transgresses the bounds prescribed to it by the law. Ex Parte Wilson, 10 L. R. A. 1132.

A person in prison is not entitled to a writ of *habeas corpus* as of course. It is a discretionary writ, to be issued only upon probable cause being shown, and if upon the face of a petition therefor it appears that there is no sufficient ground for the release of the prisoner the writ will be denied. Bethurum v. Black, &c., 10 Bush 628.

It is an original and fundamental rule dating from the foundation of courts that where one court acquires jurisdiction of the person and subject matter in litigation, such jurisdiction cannot be ousted by another court of concurrent jurisdiction. In dealing with this subject the text in 12 R. C. L., page 1218, says: "It is a settled principle of law that a court having possession of a person or property cannot be deprived of the right to deal with such person or property until its jurisdiction is exhausted, and that no other court has the right to interfere with such custody or possession. Based on this principle the rule has been stated to be that one court has no jurisdiction to release on *habeas corpus* a prisoner committed by a court of coordinate jurisdiction. Any other rule would produce a conflict of jurisdiction over the right to the custody of the person of the prisoner, and lead to inextricable confusion, resulting in a defeat of the due administration of the law."

Pursuant to the general rule of wide application and upon which there is no conflict of authorities, says Cor-

pus Juris, page 116, it has been held that a court is without jurisdiction if it attempts by *habeas corpus* to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another *habeas corpus* proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated. See also section 139 of same volume.

It has also been held that where a circuit court having competent jurisdiction of a criminal case, has fixed the bond and admitted the defendant to bail, such order cannot be reviewed by another court of coordinate jurisdiction. While this court appears not to have passed upon the exact question now under consideration, we have held in the case of the Commonwealth of Kentucky v. Carmichael, reported in 192 Ky. 174, and in the case of Bethurum v. Black, *supra,* that "if the circuit court had by order either admitted defendant to bail, or had passed upon the question and denied him admission to bail, such order could not be reviewed by a police or any inferior judge, and under such circumstances such a judge would have been without any kind of authority to have granted or to have heard a writ of *habeas corpus* in behalf of the prisoner. Under these authorities as well as many others that might be cited, and our plain constitutional provision, section 137, that in circuit court districts having four or more judges, like the one under consideration, criminal causes are *exclusively* under the jurisdiction of the *criminal division* of the court, it is manifest that the judge of the Jefferson circuit court, common pleas branch, second division, was without jurisdiction to hear and grant the writ and to reduce the bond of the said Anderson, especially when the petition of Anderson and the response of the jailer showed that Anderson was held under the orders of the Jefferson circuit court, criminal division. The order entered by the Hon. Thomas R. Gordon, judge, in the common pleas branch, second division, purporting to reduce the sum total of the said bonds from $20,000.00 to $10,000.00, being without and beyond the jurisdiction of that officer and court, was an absolute nullity. It, therefore, follows that said judge has not and never had the right or power to admit the said Anderson to bail. The prayer of the petition must be granted and the said Thomas R. Gordon, judge of the Jefferson circuit court, common pleas branch, second division, is restrained and prohibited from proceeding further under the petition of R. S. Anderson for a writ

of *habeas corpus* and from admitting the said Anderson to bail and from making any order or taking any action, except to dismiss the said proceedings, with respect thereto.

Whole court sitting and concurring.