## Breeding, et al. v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Letcher Circuit Court.

1. Courts—Habeas Corpus—Police Judge Without Jurisdiction to Consider Bail in Habeas Corpus Proceeding After it had been Fixed by Circuit Court.—Police judge of a city, on application for habeas corpus, was without jurisdiction to consider question of bail after it had been fixed by circuit court.

2. Judgment—Suit in Equity to Restrain Collection of Judgment on Forfeited Bail Bond Held Collateral Attack.—Suit to restrain sheriff and circuit clerk from collecting judgment on forfeited bail bond was a collateral attack upon a judgment of a court of general jurisdiction, and not maintainable on ground that bail was fixed without authority; none of grounds set out in Civil Code of Practice, section 518, being set out in petition.

D. D. FIELDS & DAY for appellants.

CHAS. I. DAWSON, Attorney General, O. STUMP and MARTIN T. KELLY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Suit in equity by bail in the bond of Elijah Breeding, seeking to restrain the sheriff and circuit clerk of Letcher county from collecting a judgment in favor of the Commonwealth. Judgment for defendant. Plaintiff appeals.

As substantially alleged in the petition, Elijah Breeding and others were indicted at the April, 1918, term of the Letcher circuit court on the charge of unlawfully banding together for the purpose of intimidating others, and their bail fixed at $500.00 each. Elijah Breeding was arrested and released on the execution of bond. His trial was called at the August term, and failing to appear, his bond was forfeited. At the same term the former indictment was quashed and the prosecution referred to the grand jury.

A new indictment was returned for malicious shooting and wounding and bail fixed in the same sum. A bench warrant was issued and Breeding again arrested. He was then transferred by an order of the Letcher county court to the jail at Hazard in Perry county. While there he filed a petition for a writ of *habeas corpus* before the judge of the Hazard police court. In his petition for that writ he set out the proceedings against him in the Letcher circuit court, and alleged that no bail was fixed in the bench warrant upon which he was arrested the second time. He filed copies of the indictments upon which the amount of bail was endorsed, but it seems that both his counsel and the police judge overlooked this. At any rate, that court granted his prayer and ordered the clerk of the Letcher circuit court to admit him to bail for his appearance to answer the charge in the indictment in the sum of $1,500.00. Subsequently bail bond for that

amount was executed by the plaintiff and he was released from custody.

At the calling of the case for trial Breeding again defaulted and a forfeiture was taken and summons awarded against the sureties. The sureties were duly summoned and failing to answer, judgment was awarded against them for the sum of $1,500.00. Execution was issued on this judgment and levied on certain lands of G. W. Breeding, which it is now sought to enjoin.

Clearly the police judge of Hazard was without jurisdiction to consider the question of bail after it had been fixed by the circuit court. Bethurum v. Black, 11 Bush 628; Commonwealth v. Gordon, 197 Ky. 367.

If this question had been raised in the forfeiture proceeding the court might have adjudged against the sureties only the sum of $500.00, the amount fixed by the circuit court, as that was the only valid order. A different question is here presented. This is a collateral attack upon a judgment of a court of general jurisdiction. It is admitted that the court had jurisdiction of the subject matter and the parties, hence the judgment is not void. None of the grounds set out in section 518 of the Civil Code for modification or vacation of such judgments is set out in the petition, consequently we can not now review the proceedings in the former action. Every party has a right to a day in court. This the appellants had in that action. Failing in that there is no other remedy.

Judgment affirmed and cause remanded for proceedings consistent with this opinion.