## Commonwealth ex rel. Meredith, Atty. Gen., v. Smith, Judge of Irvine Police Court.

(Decided June 14, 1938.)

HAFFORD E. HAY for petitioner.

SHUMATE & SHUMATE for respondent.

OPINION BY JUDGE REES—Making temporary writ of prohibition permanent.

In this original proceeding in this court, the commonwealth of Kentucky on relation of the Attorney General is seeking a writ of prohibition against the police judge of Irvine restraining him from proceeding further with the application of C. C. Elkin for a writ of habeas corpus.

At the May term, 1936, of the Estill circuit court, C. C. Elkin was convicted of the offense of carrying concealed upon or about his person a deadly weapon, and his punishment fixed at a fine of $50 and a jail sentence of ten days. He appealed from the judgment, and the appeal was dismissed. Elkin v. Com., 269 Ky. 6, 106 S. W. (2d) 83. The mandate of the Court of Appeals was filed in the office of the Estill circuit clerk July 7, 1937, and on July 8, 1937, Elkin filed in the Estill circuit court a motion to be probated under section 979b-5, Kentucky Statutes. The motion was not acted upon until January 7, 1938, when the circuit judge entered an order during vacation probating the defendant Elkin. This order was entered without notice to the commonwealth, and the commonwealth's attorney, as soon as he learned of its entry, filed a motion to set it aside. On February 10, 1938, the motion was sustained, and the order probating Elkin was set aside. Special and general demurrers to the motion for probation were filed, and on February 15, 1938, the motion was overruled, and the clerk was directed to issue an execution. The judgment entered on February 15, 1938, reads in part:

"It further appearing to the court that the defendant was tried and the verdict and judgment entered at a former term of this court, and that said judgment was subsequently affirmed by the Court of Appeals of Kentucky, and the court being advised, it is considered and adjudged that said special and general demurrers be and the same are hereby sustained, and it is adjudged that the de-

fendant is not entitled to the relief sought, and his motion for probation is hereby overruled, to all of which adverse rulings the defendant objected and excepted.

"It is further adjudged the order entered by the judge of this court in vacation suspending execution of the judgment herein, be and the same is hereby set aside and held for naught. The Clerk of this court is hereby directed to forthwith issue and place in the hands of the Sheriff of Estill County or the Sheriff of any county in which the defendant may be found, an execution as required by Section 370a-11 (Criminal Code of Practice), and a certified copy of the judgment of conviction, with proper endorsements thereon for such portions of the fine and costs as have been paid by the defendant, allowing credit for any such payments. To which further ruling and order of the court the defendant objects and excepts."

The clerk did not issue an execution until March 5, 1938, but on February 15, 1938, Elkin went to the jail of Estill county and remained there until the morning of February 17, when, with the consent of the jailer, he went to a hotel in Irvine. He claims that he remained in a room in the hotel in the custody of the jailer until the ten day period of imprisonment expired. On March 5, 1938, the clerk of the Estill circuit court issued an execution pursuant to the provisions of title 9, chapter 3, of the Criminal Code of Practice. On the same day Elkin filed an action in the Estill circuit court to enjoin the sheriff from arresting him under the execution and placing him in jail, and a temporary restraining order was issued by the clerk. He alleged in his petition that he had satisfied the judgment by surrendering himself to the jailer of Estill county on February 15, 1938, and remaining in his custody until February 24, 1938. The sheriff filed an answer setting out, in substance, the facts heretofore stated, and the affidavits of Elkin, the jailer, and the county clerk were filed. Elkin and the jailer in their affidavits stated that Elkin surrendered himself to the jailer on February 15, 1938, and remained in the jail until February 17, 1938, when he became ill and was moved to the Riverview Hotel where he remained under the care of a physician until after February 24, 1938. The jailer or his deputies visited him several times each day. He was moved from the

jail because the jailer "did not have proper facilities to take care of him in said jailhouse due to the crowded condition of said jail and lack of conveniences." The circuit judge overruled the sheriff's motion to dissolve the temporary restraining order, and sustained the plaintiff's motion for a temporary injunction enjoining the sheriff from arresting him and placing him in jail, on the ground that the judgment sentencing him to confinement in the county jail for ten days had been satisfied. Within the twenty days permitted, the sheriff made application to a judge of the Court of Appeals for an order for the dissolution of the injunction, and on April 23, 1938, Hon. V. H. Baird, judge of the Court of Appeals, in an order concurred in by the other members of the court, dissolved the temporary injunction theretofore granted by the judge of the Estill circuit court. This was, in effect, an adjudication that the judgment sentencing Elkin to ten days' imprisonment had not been satisfied. The order dissolving the injunction was received by the clerk of the Estill circuit court April 25, 1938, and on the same day Elkin applied to R. W. Smith, Jr., judge of the Irvine police court for a writ of habeas corpus. He stated in his petition that at the May term, 1936, of the Estill circuit court, a judgment was entered against him adjudging that he pay a fine of $50 and serve ten days in the Estill county jail, and that he had paid the fine and served his jail sentence; that he had again been arrested by the sheriff of Estill county and was confined in the jail under said judgment; and that his imprisonment was illegal. He stated that the judge of the Estill circuit court was then absent from Estill county, and he asked that a writ of habeas corpus issue forthwith, and that he be discharged from the illegal imprisonment. The judge of the police court issued a writ directing the jailer to produce C. C. Elkin at the police courtroom in Irvine, Ky., on that day, and requiring him to show cause for detaining Elkin. Thereupon the commonwealth filed its petition in this court for a writ of prohibition enjoining R. W. Smith, Jr., judge of the Irvine police court, from proceeding further on the petition of C. C. Elkin for a writ of habeas corpus. A temporary writ was issued April 26, 1938, and the case is now before us on a motion to make the writ of prohibition permanent.

It is argued in behalf of respondent that this court

is without jurisdiction to entertain a motion for a writ of prohibition in a case of this kind. No appeal lies from a judgment in a habeas corpus proceeding, and section 110 of the Constitution confers on the Court of Appeals power to issue such writs as may be necessary to give it a general control over inferior courts, and it may issue a writ of prohibition whenever an inferior court is proceeding out of its jurisdiction or where it has jurisdiction and there is no adequate remedy by appeal or otherwise. Com. v. Gresham, 196 Ky. 27, 244 S. W. 66; Com. v. Minor, 195 Ky. 103, 241 S. W. 856; Com. v. Carmackle, 192 Ky. 171, 232 S. W. 644; Board of Prison Commissioners v. Crumbaugh, 161 Ky. 540, 170 S. W. 1187.

A writ of habeas corpus is a discretionary writ, and should be issued only when proper cause for it is shown. Bethuram v. Black, 11 Bush 628. The petition filed with the respondent asking for a writ of habeas corpus does not state facts sufficient to authorize its issual. It states only a conclusion. The petition for a writ of prohibition filed in this court, the response thereto, and the exhibits filed show that Elkin's imprisonment, subsequent to the entry of the order in the Estill circuit court dissolving the temporary injunction restraining the sheriff from arresting him and placing him in jail, was not unlawful. That order became a judgment of the Estill circuit court, and adjudged that Elkin had not served his sentence. It is a valid judgment and binding on inferior courts. If the respondent, judge of the Irvine police court, should proceed to discharge Elkin, he would, in effect, set aside the judgment of the circuit court, which he has not jurisdiction to do. An examination of the record in this proceeding convinces us that the conclusion reached, when the motion to dissolve the temporary injunction restraining the sheriff of Estill county from arresting Elkin and placing him in jail was before a judge of this court, was correct. Elkin's contention that he had satisfied the judgment of the Estill circuit court by serving the jail sentence which had been imposed upon him was without merit. He voluntarily went to jail, but the jailer was without a mittimus or other authority to imprison him.

The demurrers to the petition are overruled, the temporary writ of prohibition is made permanent, and the respondent is enjoined from proceeding any further under the writ of habeas corpus.