## Sprinkles v. Downey, Jailer.

July 15, 1946.

Hiram H. Owens and V. A. Jordan for appellant.

Sampson B. Knuckles for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

This appeal is from a ruling of the Judge of the Knox County Court, sustaining demurrer to and dismissing appellant's petition seeking to have defendant discharge him from custody, under provisions of Section 399 et seq., Criminal Code of Practice and prosecuted in accordance with Section 429-1 (1945 Supp.).

The question presented is whether Judge was in error in dismissing the petition. The petition fails to state when appellant was convicted of the offense for which he was being confined. It is stated that "heretofore" he was convicted in the Knox Circuit Court for violation of the Local Option Law, and his penalty fixed, as we gather only from statement of appeal, at a fine of $100 and imprisonment in jail for 60 days. It is alleged that following the conviction he filed motion for new trial, the Court overruling, and giving time until the succeeding term of Court for filing bill of exceptions. It is stated that "on or before said date," appellant lodged with the Clerk his bill of exceptions, and "same were marked by the Clerk and made part of the record; that the transcript of evidence as certified by the reporter

was approved by the Judge, but that he did not approve or disapprove the bill of exceptions.'' It is interesting to note the allegation that ''since the ———— day of February 1943, said bill of exceptions has pended without any action, though same was properly prepared and presented to the Court who failed to act.'' The petition does not show any later effort on part of appellant to have the Court act upon the bill, either by approval or disapproval. Thus it appears from the pleadings that appellant chose to remain silent until he filed his petition in July of 1946. Notwithstanding the failure of the Court to settle the bill, appellant could have, within the time allowed for appeals, filed a copy of his judgment in our Clerk's office with motion for appeal and have asked this Court for time in which to perfect his appeal, and by proper procedure have had this Court direct the Judge to act upon his bill. Majors v. Continental Casualty Co., 111 S. W. 299, 33 Ky. Law Rep. 728. If the trial judge refused to approve, appellant had the right to proceed under subsection 3 of Section 337, Civil Code of Practice, providing for bystander's bill.

However, appellant's claim for relief is based on the allegation that following judgment he had executed a supersedeas bond, and notwithstanding its execution, the Clerk of the Knox Circuit Court ''without any legal right so to do,'' had issued and placed in the hands of the Sheriff a capias ''requiring appellant to satisfy the judgment, and that the sheriff arrested him on July 2, 1946, and turned him over to the Jailer, where he was at the time of filing his petition. He also states that he was required to and did execute peace bond in the sum of $1000.00, and that ''the proceedings of the Knox Circuit Court directed that the petitioner be not released until the bond was executed, yet the defendant still refuses to discharge your petitioner, by all of which he is wrongfully restrained of his liberty.''

The law is that the writ of habeas corpus will not lie if there exists other available and effective remedies open to the applicant. In the case of Jones v. Commonwealth 269 Ky. 772, 108 S. W. 2d 812, 814, we so held and referring to 29 C. J., Habeas Corpus, secs. 1, 10, 17; see also 39 C. J. S., Habeas Corpus, secs. 1, 7, 13, said: ''However, it is pointed out in that text, and other stand-

ard ones in treating the subject, that the writ will lie and be available even when its granting would accomplish an analagous effect of a review on appeal, but only when the involved judgment so indirectly affected is void for want of jurisdiction, or for any other reason, * * *. It is in no sense akin to an application for a new trial, nor as taking the place of an appeal from a conviction for crime, except, as we have intimated.'' We so held in Sharpe v. Commonwealth, 292 Ky. 86, 165 S. W. 2d 993, 995, saying: ''Of course, when one is held under a void judgment, relief may be obtained by habeas corpus but it is not a corrective remedy and is not applicable generally where relief could be procured by resort to another general remedy—the proceeding is collateral and implies a challenge of jurisdiction.'' Citing Smith v. Buchanan, 291 Ky. 44, 163 S. W. 2d 5, 145 A. L. R. 813.

Here it is made to appear that appellant is being held under a capias following a judgment of a Court having jurisdiction of the party and subject matter. There is no claim that the judgment is void, so the proceeding here is a collateral attack on a judgment, not void, but subject to attack in the ordinary course, by appeal properly perfected. The allegation that the Clerk issued capias without right or authority is nothing more than a conclusion of the pleader. In Commonwealth ex rel. Meredith v. Smith, 274 Ky. 202, 118 S. W. 2d 538, we held that the writ of habeas corpus is a discretionary writ and should be issued only when proper cause is shown, citing Bethurum v. Black, 11 Bush 628. We found there that the petition seeking the writ did not state facts sufficient to authorize its issuance, ''It states only a conclusion.'' We held that since the judgment of the Circuit Court was a valid judgment it was binding on inferior courts. So it is here, since the petition shows that appellant is held under a capias issued upon a judgment of the trial court, which is not attacked for invalidity.

The opinion in Glenn v. Porter, 292 Ky. 719, 168 S. W. 2d 32, is applicable here. Porter was in the workhouse by virtue of capias issued out of the Police Court under separate judgments which were not attacked for invalidity. We held there that a warrant of commitment or capias depends for its validity on the judgment on which it is based, and a prisoner is detained not by

virtue of the capias but by virtue of the judgment. Citing 24 C. J. 158, (29 C. J., Habeas Corpus, p. 158; 39 C. J. S., Habeas Corpus, sec. 89), and Hill v. United States ex rel. Wampler, 298 U. S. 460, 56 S. Ct. 760, 80 L. Ed. 1283. We also held a habeas corpus proceeding to be a collateral attack on a judgment, and to lie only where the judgment under which a prisoner is confined is void or has been satisfied, citing Hageman v. Kirkpatrick, 283 Ky. 798, 143 S. W. 2d 506, Department of Public Welfare v. Polsgrove, 250 Ky. 317, 63 S. W. 2d 603, both of which are conclusive on the vital point here. Under the authorities noted we are compelled to and do affirm the judgment.