Judgment reversed.

**Ed DAY, Appellant,**

v.

**Butler SKINNER, Jailer of Clark County, Appellee.**

Court of Appeals of Kentucky.

March 15, 1957.

A. E. Cornett, Hyden, for appellant.

J. Smith Hays, Jr., Winchester, D. G. Boleyn, Hazard, for appellee.

MONTGOMERY, Judge.

This appeal is from an order of the county judge of Clark County denying bail to Ed Day, the appellant, in a habeas corpus proceeding.

A petition for a writ of habeas corpus was filed by Johnnie Day on January 2, 1957, before the judge of the 41st Judicial District, composed of Clay, Jackson, and Leslie counties. The petition alleged that Ed Day, the appellant, was unlawfully confined in the Clark County jail by the appellee, Butler Skinner, as jailer; that an in-

dictment for murder had been returned against appellant by the grand jury of Perry County at the November 1956 term; that appellant was at that time confined in a hospital in Hazard; and that while he was unable to be brought into court he was summarily and without notice or opportunity to make a motion for bail removed from the Perry County jail to the Clark County jail.

The judge of the 41st Judicial District issued a writ of habeas corpus directing the appellee to produce appellant before the judge of the Clark Circuit Court, if present, and if not, before the judge of the Clark County Court on January 7, 1957. Appellee responded to the writ by saying that he held appellant under authority of an order of the Perry Circuit Court dated December 10, 1956. The cause was heard by agreement on January 23, 1957, at which time the county judge of Clark County held that the proceeding was an application for bail, and since appellant was being held in custody by order of the Perry Circuit Court and was answerable to an indictment in that court, the application should be denied. The record does not disclose what evidence, if any, was introduced. The judge of the circuit court was absent from Clark County.

Appellant contends that he is entitled to bail without recourse to the court in which he stands indicted.

It is provided in Criminal Code of Practice Section 426 that:

"If an examining court failed to grant bail to a person charged with the commission of a public offense, no writ of habeas corpus, because of imprisonment under the order of such court, shall be made returnable before, or tried by, any other officer than the judge of the court before which he is held to answer."

The county judge of Clark County declined to interfere with the jurisdiction

of the Perry Circuit Court, which had already acquired jurisdiction of the case. The rule is stated in 25 Am.Jur., Habeas Corpus, Section 108, page 223, as follows:

"It is a settled rule that wherever a court has acquired jurisdiction of a case, no other court may, upon habeas corpus, interfere with its action as to matters concerning which it has acquired jurisdiction. Any other rule would produce a conflict of jurisdiction over the right to the custody of the person of the prisoner and lead to inextricable confusion, result..ng in a defeat of the due administration of the law."

See also 39 C.J.S., Habeas Corpus, § 53, p. 596.

This fundamental rule was approved in Commonwealth v. Gordon, 197 Ky. 367, 247 S.W. 45, wherein a judge of the civil branch of a circuit court was not permitted to grant bail in a habeas corpus proceeding because jurisdiction had already been acquired by the criminal branch of the same court. Bethuram v. Black, 11 Bush 628, 74 Ky. 628; Breeding v. Commonwealth, 204 Ky. 433, 264 S.W. 1050.

In the instant case, no application for bail had been made to the Perry Circuit Court prior to the beginning of this proceeding. It is noted that the petition herein was filed by Johnnie Day, and not by the appellant. The record does not disclose the reason why appellant or his counsel has failed to request bail for him in the Perry Circuit Court, except the allegation that he was unable to be brought into court at the time he was moved to Clark County.

In Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666, 668, relied upon by appellant, it is noted that "in most instances application for bail in the usual manner is prerequisite to an application by the method of habeas corpus, which may be made to a judge other than the one who acted on the motion" and "the proceeding to obtain bail by the method of habeas corpus" is viewed "as a test of the legality of the judgment or action of the court on the motion for bail, * * *" The ruling on the motion for bail is not an appealable order. The legality of the action of a court in denying bail may be tested in a habeas corpus proceeding. Hacker v. Commonwealth, 288 Ky. 222, 155 S.W.2d 867; Burton v. Commonwealth, 307 Ky. 825, 212 S.W.2d 310. This proceeding was premature and the lower court was correct in refusing to interfere with the jurisdiction of the Perry Circuit Court. See Day v. Caudill, Ky., 300 S.W.2d 45.

Appellee has urged that only the person detained may seek a writ of habeas corpus under Criminal Code of Practice, Section 399. It is the general rule that a friend, a relative, or a person having some interest in the one detained may also make application for a writ of habeas corpus. 25 Am.Jur., Habeas Corpus, Section 122, page 234; 39 C.J.S., Habeas Corpus, § 77, p. 620. Such a right has been recognized in child custody cases. Thomas v. Sprinkle, 299 Ky. 839, 187 S.W.2d 738; Spurlock v. Dolan, 303 Ky. 763, 199 S.W.2d 441. See Criminal Code of Practice, Section 424. No logical reason is seen why the rule should not include the type of case now under consideration.

Judgment affirmed.