**Russell JONES, County Jailer of McCracken County, Kentucky, et al., Petitioners,**

v.

**Ray L. MURPHY, Judge, Campbell Circuit Court, Respondent.**

Court of Appeals of Kentucky.

June 20, 1958.

546

W. Pelham McMurry, County Atty., Paducah, for petitioners.

Lawrence Riedinger, Jr., Lester & Riedinger, Jr., Newport, for appellee.

MONTGOMERY, Judge.

The petitioners, Russell Jones, D. C. Tucker, D. Y. Perdew, and W. Pelham McMurry, Jailer, Sheriff, Deputy Sheriff, and County Attorney of McCracken County, respectively, by this proceeding sought an order of prohibition against Ray L. Murphy, Judge of the Campbell Circuit Court. A temporary order was issued which was made permanent on May 16, 1958. The order provided that an opinion would follow.

Charles Paul Rothschild was arrested in McCracken County on three fugitive from justice warrants. KRS 440.080. On March 4, 1958, he was admitted to bail in the sum of $15,000. He was released from custody, pending his appearance before the McCracken Circuit Court on April 30, 1958, for hearing on the warrants. On April 11, 1958, a warrant was issued by the Governor of the Commonwealth of Kentucky for the apprehension of Rothschild, pending extradition to South Carolina. KRS 440.070. The warrant was sent to McCracken County.

Pursuant to an arrest by his bail, Rothschild was placed in the custody of the

Chief of Police of Newport in Campbell County, Kentucky, on April 28, 1958. Criminal Code of Practice, Sections 86 and 87. The following day in habeas corpus proceedings before the Honorable Arthur K. Rawlings, Magistrate of the Fourth Magisterial District, Campbell County, Kentucky, Rothschild was admitted to bail in the sum of $2,000 on each of the three fugitive charges to await the order of the Campbell Circuit Court. He did not appear on April 30, 1958, in McCracken County for the hearing on the fugitive warrants. The hearing in the Campbell Circuit Court was set for May 12, 1958.

Rothschild was arrested on May 8, 1958, in Newport, Kentucky, by D. Y. Perdew, McCracken County Deputy Sheriff, on the Governor's warrant and the three fugitive warrants. He was returned to McCracken County. At a hearing in the McCracken Circuit Court on May 9, 1958, the McCracken County jailer was directed to hold Rothschild in custody for the authorities requesting his extradition. Later that day Rothschild sought a writ of habeas corpus in the McCracken Circuit Court, on which the hearing was set for May 17, 1958. Still later in the same day, a writ of habeas corpus issued May 9, 1958, by the Campbell Circuit Court was served on all of the petitioners here except the sheriff. The Campbell writ directed that Rothschild be produced forthwith in the Campbell Circuit Court.

Did the respondent, as judge of the Campbell Circuit Court, have jurisdiction over the body of Rothschild under either of the habeas corpus proceedings in Campbell County? The rule is that prohibition will be invoked where an inferior court is proceeding or is threatening to proceed where it has no jurisdiction and there is no remedy through an application to an intermediate court. Murphy v. Thomas, Ky., 296 S.W.2d 469.

The petition for the writ and the writ in the magistrate's court each recited the absence of the circuit judges and the county judge but contained no statement concerning the absence or presence of any city or police judge. Criminal Code of Practice, Section 399 provides the order of precedence for the officers who may issue a writ of habeas corpus. A writ of habeas corpus shall be issued, first, by any judge of a circuit, criminal, chancery, or common pleas court; second, by a judge of county, city, or police court when all of the first named judges at the time are absent from the county; and third, by a justice of the peace when all of the first and second named judges are at the time absent from the county.

A magistrate has no power to issue a writ of habeas corpus when a circuit, chancery, police or county judge is in the county, and if he does issue such a writ when any of those officers are in the county, it is a nullity and may be disregarded. A person in jail is not entitled to a writ of habeas corpus as a matter of course. It is a discretionary writ to be issued only upon probable cause being shown, and if it appears upon the face of the petition therefor that there is no sufficient ground for the release of the prisoner, the writ will be denied. Bethuram v. Black, 11 Bush. 628, 74 Ky. 628. The failure to allege that the city and police judges were also absent from the county renders the petition and writ defective. The respondent did not have jurisdiction under the magistrate's writ.

Before the issuance of the second writ of habeas corpus in the Campbell Circuit Court, Rothschild had been arrested and removed from the jurisdiction of that court under the Governor's extradition warrant and the three fugitive warrants. The McCracken Circuit Court, at a hearing, established the identity of Rothschild as the fugitive and ordered that he be held to be delivered to the agent of the state demanding him to be transported to that state, in accordance with the laws of the United States. KRS 440.070(2).

**548**

The writ of habeas corpus issued by the Campbell Circuit Court was served on the petitioners in McCracken County. Under Criminal Code of Practice, Section 402, the writ is made returnable "at the courthouse of the county in which the writ is served". Thus, this writ was not returnable to the respondent but before one of the judges in McCracken County in order of precedence, as provided in Criminal Code of Practice, Section 399. Further, Rothschild, by his petition for a writ of habeas corpus therein, had invoked the jurisdiction of the McCracken Circuit Court. Thus, he was subject to the jurisdiction of the McCracken Circuit Court under the fugitive warrants, the Governor's warrant, and the circuit court writs which were returnable there.

The settled rule is that wherever a court has acquired jurisdiction of a case, no other court may, upon habeas corpus, interfere with its action as to matters concerning which it has acquired jurisdiction. The wisdom of this rule is demonstrated by its application to the facts of this case. The conflict of jurisdiction over the custody of the person of a prisoner may lead to inextricable confusion, as here, and could well result in the defeat of the due administration of the law. 25 Am. Jur., Habeas Corpus, Section 108, page 223; 39 C.J.S. Habeas Corpus § 53, page 596; Day v. Skinner, Ky., 300 S.W.2d 48; Commonwealth ex rel. Meredith v. Smith, 274 Ky. 202, 118 S.W.2d 538; Breeding v. Commonwealth, 204 Ky. 433, 264 S.W. 1050; Commonwealth v. Gordon, 197 Ky. 367, 247 S.W. 45; Bethuram v. Black, 11 Bush. 628, 74 Ky. 628.

Accordingly, the respondent, as judge of the Campbell Circuit Court, was proceeding without jurisdiction, and there being no intermediate court, the remedy of prohibition under Section 110 of the Kentucky Constitution was appropriately invoked.

The order of prohibition is granted.