## Smith v. Commonwealth.

Sept. 26, 1941.

A. W. Holland for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On the night of November 23, 1940, Edward B. Hite was shot and mortally wounded during an attempted robbery of his grocery store on the northwest corner of Fifth and M Streets in Louisville. In his dying declaration, as related by police officer Robert L. Gregory, from the witness stand, Hite stated:

"Two colored men came into his place, one a tall, light-skinned man, very noticeably light, the other a short dark-skinned man. The dark-skinned man, the

short one of the two, said 'This is a hold-up, get them up.' He said 'I raised my hands without any further command, whereupon the man, the light-skinned man, fired a shot, for no reason on earth that I know of, and they both fled from the store immediately.' ''

Appellant and John Wesley Williams were jointly indicted for Hite's murder. Tried separately, appellant was convicted of aiding and abetting Williams in the commission of the crime and sentenced to death. From that judgment this appeal is prosecuted.

The sole defense interposed by appellant was that Williams entered the grocery and fired a fatal shot while appellant stood guard a square away. However, he admitted that the robbery was planned at the house of the woman with whom he was living and that he had accompanied Williams on numerous similar enterprises.

Appellant admittedly is tall and light-skinned, and Williams, short and dark, and the jury would have been warranted, from the evidence, in finding that appellant was the actual slayer. But it is wholly immaterial who did the slaying, since, according to his own testimony, appellant was an accessory before the fact, and hence liable to the same punishment. Kentucky Statutes, Section 1128; Sumner v. Commonwealth, 256 Ky. 139, 75 S. W. (2d) 790.

The motion and grounds for a new trial attacked the instructions as ''contrary to the law,'' but no error therein has been pointed out by counsel, and our inspection of the record has disclosed no defect. The remaining grounds on which a new trial was sought were that ''the verdict is against both the law and the evidence''; ''the Commonwealth's Attorney made remarks of other cases which were not at issue before the jury''; and ''introduction of incompetent and incorporated proof of exhibit.'' The record is wholly silent as to the Commonwealth's attorney's remarks; the introduction of the exhibit referred to (the bullet extracted from Hite's body) was not objected to and threw no light upon appellant's guilt or innocence; and the verdict was in accordance with appellant's testimony which showed that he had aided and abetted Williams throughout the transaction. Robertson's New Criminal Law and Procedure, Section 185.

Accompanying appellant's motion for an oral argu-

ment in this Court is an affidavit of Dr. Allen Louis Haynes stating that during Hite's hospitalization he made no statement in affiant's hearing as to who shot him, and that appellant's name was not mentioned in affiant's presence. We gather from the statement of appellant's counsel in support of the motion for an oral argument that this affidavit is regarded by him as embodying newly discovered evidence contradicting Officer Gregory's testimony that Hite's dying declaration was made in the presence of the hospital interne and described the slayer. But, if we could consider the affidavit a part of the record, its contents would not have the effect claimed, since it does not appear that Officer Gregory was alluding to Dr. Haynes, or that Dr. Haynes was present at the time named by Gregory, or that Dr. Haynes was the only interne who could have been present. Moreover, Dr. Haynes might have been present and not heard the statement; and, in any event, the alleged contradiction was wholly immaterial in view of appellant's admissions.

No error of law was committed by the Trial Court, and, from whatever angle viewed, the evidence, including appellant's own testimony, indisputably established that he was at least guilty of aiding and abetting the murder of Hite, from which it follows that he was subject to the penalty imposed.

The fact, of which we are apprised by briefs of counsel, that Williams later pleaded guilty to aiding and abetting the murder and was sentenced to life imprisonment, cannot alter appellant's situation.

Judgment affirmed.

Whole Court sitting.