## Smith v. Buchanan.

June 5, 1942.

C. Eubank Tucker for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and petitioner below, Otis Peter Smith, and one John Wesley Williams were indicted in the Jefferson circuit court charged with the murder of Edward Hite. At his separate trial appellant was found guilty with punishment fixed by the jury at death by electrocution. He appealed to this court, resulting in an affirmance of the judgment, the case being reported in 288 Ky. 831, 157 S. W. (2d) 79, under the style of Smith v. Commonwealth. After the conviction appellant was transferred to the penitentiary at Eddyville awaiting the day of his execution, during which time he petitioned the judge of the Lyon circuit court, Hon. Ira D. Smith, for a writ of habeas corpus upon the ground that the Jefferson circuit court, Criminal Branch, wherein his trial and conviction was had, failed to appoint him counsel to defend the prosecution against him after he had notified the court that he desired such an appointment to be made. However, the futility of the order of the court in compliance with that request did not disclose the failure of the court to comply with it, and which was because both the accused on trial (appellant) and the court were deceived, and made to believe that the court had complied with the request as contemplated by the law. The deception arose in this manner: A colored man by the name of Albert W. Holland, for some considerable period ante-dating the trial of appellant on the indictment against him, appeared in Louisville, Kentucky, and posed

as a duly licensed and authorized attorney, with the right to practice his alleged profession and thereafter did engage in its practice in the courts of Louisville, at least to a limited extent. When the court inquired of appellant if he had counsel and if not whether he desired the court to appoint one to represent him, and when that inquiry was followed by an answer to the effect that appellant had no employed counsel and desired the appointment of one by the court, the appointment of Holland was made and he conducted the trial of appellant on the murder indictment against him.

After appellant was convicted Holland prosecuted an appeal to this Court for his client, resulting in our opinion supra, affirming the lower court's judgment. Following that affirmance, and before the date set for appellant's execution by appellee, Jesse Buchanan, the warden of the penitentiary at Eddyville, Kentucky—whose duty it is under the law to enforce the judgment of the court in such convictions—the application for the writ of habeas corpus herein sought was made as hereinbefore stated, with no other respondent therein except Buchanan. Upon the trial of the application for the writ the learned judge of the Lyon circuit court overruled appellant's motion and dismissed it, from which judgment he prosecutes this appeal.

Prior to the effective date of Chapter 93 of the Acts of 1940, page 375, there was no appeal allowed from judgments of inferior courts to this one in habeas corpus applications, but the enactment referred to amended Section 429 of the Criminal Code of Practice and created the right of the parties litigant in such applications to appeal from the judgment of courts of original jurisdiction in such cases the same as in other cases. Under the provisions of that amendment we are given the right to review the judgment of the court appealed from.

The learned trial judge correctly held that the writ of habeas corpus does not lie, except only to relieve the petitioner of a sentence imposed upon him as a punishment for his committed crime when the judgment is invalid to the extent of rendering it void, and when the invalidating defects are shown in the record of the trial. But when they are not so shown, and only lurk in the case because of burial therein and they are unknown to the defendant or the court, and because of which a right to which defendant is entitled is denied him, the writ of

habeas corpus will not lie to correct the unknown or undiscovered error. An elaborate consideration of the questions was made by us in the case of Jones v. Commonwealth, 269 Ky. 772, 108 S. W. (2d) 812. The same conclusion was advanced by us in the case of Commonwealth ex rel. Atty. Gen. v. Gresham, 196 Ky. 27, 244 S. W. 66. In those cases others are cited to the same effect, and which declarations are approved by all text-writers dealing with the character of relief that may be corrected on habeas corpus hearings, some of which are cited in the cases referred to, and particularly in the Jones opinion.

We have seen that the error sought to be corrected by appellant in this his habeas corpus application to Judge Smith was a hidden and unknown one at the time of appellant's trial in the Jefferson circuit court, criminal division, and for that reason, under the authorities supra, the habeas corpus writ may not be employed to correct such hidden error. Moreover, the error complained of, while depriving appellant of a constitutional right to be represented by counsel, yet a failure to extend that right would not ipso facto render the judgment of conviction void, since it is admitted that the Jefferson circuit court, in which appellant was tried and convicted, had and possessed jurisdiction of both the subject matter and of defendant's person, and the complained of error crept into the case because of the reasons above stated. It, therefore, could not be and was not presented to this court on appeal from the judgment of conviction, and our affirmance of that judgment involved no consideration or determination of it.

We are aware that some opinions of some courts appear to hold that a denial to a litigant of some constitutional right renders the judgment void, but most courts take the opposite view and say that so long as the court has jurisdiction in the premises the matter complained of—although it be a denial of such constitutional guaranties—constitutes only an error correctible by appeal if the error appears in the record and the question is thereby presented to the Appellate Court.

In another appeal styled Jones v. Commonwealth, 269 Ky. 779, 108 S. W. 816, the case presented to us was an application for a writ of coram nobis, the grounds for which were newly discovered evidence, which we held to be merely cumulative, and insufficient to sustain the

issuing of the writ. In that case—as in this one—the appellant's conviction had been affirmed by this court and in writing the opinion there is contained a lengthy discussion of the ancient common-law writ of coram nobis and its companion, coram vobis, and in which we held that the common-law writ had not been abolished by any statute of this commonwealth and was in force and effect in this jurisdiction. We also pointed out wherein it lies and its remedial scope, none of which do we need to repeat in this opinion, since the reader may obtain all that information by consulting the opinion referred to. A part of it called attention to the fact that the provisions of Sections 344 and 518 of our Civil Code of Practice had no application to criminal convictions, and we cited cases sustaining that proposition. However, we did say in that opinion that the writ (coram nobis) would not be available if the judgment of conviction had been affirmed by the appellate court having the right to review it on appeal, and in support of that statement we cited 30 A. L. R. 1416, and the brief annotation thereto, citing some cases so holding, but in which others are cited in support of the contrary view, and which latter declare that the fact that the judgment of conviction has been appealed to an appellate court and affirmed does not deprive the convicted defendant of the right to apply to the court that tried him for a writ of coram nobis when sufficient grounds in law for the issuing of such writs are made.

Since writing the Jones opinion and consulting later cases and authorities, we have been lead to the conclusion that we, perhaps, were in error in holding therein that a coram nobis writ would not lie after the judgment of conviction had been affirmed by an appellate court. Such latter text—pointing out that we were in error in our holding in the Jones case referred to that the writ would not lie after the judgment of conviction was affirmed—is found in Volume 24 C. J. S., Criminal Law, Section 1606, p. 147, and on page 152, under the subdivision "(2) Jurisdiction," it is therein said: "In view of the rules stated supra subdivision b (2) of this section, the court which rendered the judgment and in which the record is has jurisdiction of a writ of error coram nobis or its statutory equivalent to vacate it, notwithstanding affirmance of the judgment. * * * Whenever possible the judge who heard the case originally should pass upon the writ." Later investigation of the

question has convinced us that reason, logic and justice support the theory sustained by a majority of courts that the fact of the judgment of conviction having been affirmed by an appellate court creates no obstacle to the right of the convicted accused to obtain the writ if he alleges and proves facts sufficient therefor. For the reason indicated, the holding referred to in the Jones case, together with a similar one later made in the case of Robertson v. Commonwealth, 279 Ky. 762, 132 S. W. (2d) 69, is overruled even if such declarations were not dictum in those cases, but which proposition is—to say the least of it—doubtful under the facts of the cases. However, there were other grolunds for denying the writ, and which is especially true in the Jones case, one of which (and which was all-sufficient) was, that the application was based exclusively on newly discovered evidence which was merely cumulative to that which was heard on the trial.

It appears from the foregoing that the writ of habeas corpus was not available in this case for the reasons stated, but that the remedy afforded by the common-law writ of coram nobis was and is available to the appellant herein if his grounds of complaint are such as may be reached and are correctible by and through such writ. But, as we have seen, no court has authority to issue or hear such a writ, except the one in which the conviction was had, and which in this case is the criminal branch of the Jefferson circuit court. It results, therefore, that the remedy of appellant, if any, is an application to the trial court for a writ of coram nobis, and not an application to some other court (in this case the Lyon circuit court) for a writ of habeas corpus.

Merely a casual view of the situation discloses that if the Lyon circuit court had sustained appellant's motion for a writ of habeas corpus and had issued the writ, in that case the only respondent, Mr. Buchanan, would have been directed to release the applicant because he was unlawfully—according to the showing made in the application—deprived of his liberty by respondent and, therefore, he was entitled to a release, and which might result in his final escape from apprehension and punishment for the commission of his crime. On the other hand, an application for a writ of coram nobis—which must be made in the court wherein the applicant is convicted—is, no doubt, vested with inherent power to direct

a suspension of the execution of the judgment of conviction, if the necessities of the case require it, until the application for the writ may be heard and disposed of. Likewise, that court, when such an application is made to it, may order and direct the enforcement officer having the applicant in custody (Buchanan in this case) to return him to that court for a hearing of the applied for writ. No such order could be made by another court to which an application may be made for a writ of habeas corpus, which lies only when the detention may not be justified even under a conviction for a crime when the judgment of conviction is illegal or void for any reason appearing on the record of the trial in which the conviction was had. An order sustaining such a writ (habeas corpus) by a court that did not try the case could not direct the respondent to deliver the prisoner to the trial court, or in any manner direct what course that court should pursue after such delivery was made.

We, therefore, conclude that the learned judge of the Lyon circuit court properly overruled appellant's motion for a writ of habeas corpus, and we also conclude that his only remedy, if any, is an application to the court in which he was convicted for a writ of coram nobis, and which he will have plenty of time to inaugurate and prosecute to final determination before the judgment of conviction under the law may be executed.

Wherefore, the judgment is affirmed.

The Whole Court sitting.