**JAMES v. COMMONWEALTH.**

Court of Appeals of Kentucky.
June 19, 1953.

Rodes K. Myers, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Clarence James, Andy Lohden, Aylette Lohden and Kenneth Young were jointly indicted for committing the crime prohibited by KRS 437.110(1), viz., confederating and banding themselves together for the purpose of intimidating, alarming, disturbing, and injuring another. Appellant, Clarence James, was tried separately, found guilty, and his punishment fixed at 8 years and 1 day in the penitentiary.

Several grounds are urged for reversal, the most serious of which is that erroneous instructions were given to the jury. This complaint relates to the penalty provisions of the instructions which the court apparently gave under KRS 431.075, 437.110(3); and 437.120.

 The offense described in KRS 437.110(1) is a misdemeanor. See Commonwealth v. Barnett, 196 Ky. 731, 245 S. W. 874. A violation of subsection (1) of KRS 437.110 is punishable by subsection (3) thereof, by "fine or imprisonment, or both, in the discretion of the jury." The word "imprisonment" as used therein means confinement in the county jail, rather than in the penitentiary. See Cr.Code of Practice, §§ 6, 7; Ex parte Cain, 20 Okl. 125, 93 P. 974, 976; State v. McNeill, 75 N.C. 15; Cheaney v. State, 36 Ark. 74, 80. The giving of an instruction under KRS 437.110(3) was correct, but the court was in error in permitting the jury to fix appellant's punishment in the penitentiary, instead of the county jail, as the violation of the statute is merely a misdemeanor.

 The court should not have given an instruction under KRS 431.075. This statute relates solely to persons convicted of a common-law offense, the penalty for which is not otherwise provided by law. Here, the indictment charged appellant with the statutory offense of conspiracy, KRS 437.110(1), and the penalty for the violation of this statute is fixed by subsection 3 thereof.

 It further appears that the court gave an instruction under KRS 437.120. This statute provides penalties for conspirators found guilty of going forth for the purpose of molesting, damaging or destroying any property of another person as provided in KRS 437.110(2). If any property is molested, damaged, or destroyed by the conspirators while going forth for that purpose, or if any person is injured, but not killed, as a result of same, they may be punished by fine or imprisonment in the county jail, or both, in the discretion of the jury. But if a person is killed as an outgrowth, or in consequence, of the going forth to destroy the property for which the conspiracy was formed, all of the conspirators incur the penalty for such offense "as now prescribed by law"; that is, the killing would be murder, or manslaughter, according to the evidence, as it would be without the statute.

Neither the indictment, nor the proof in this case, support the giving of an instruction under KRS 437.120. There was no evidence that the object of the conspiracy was "to go forth to molest, damage or destroy any property of another person." Therefore, in the event the evidence upon retrial of the case is substantially the same, the only penalty instruction that should be given is that provided in KRS 437.110(3).

Other alleged errors complained of by the appellant have been considered by the court and found to be without merit. Because of the erroneous instructions that were given the jury, a new trial is granted the appellant.

Reversed.