**Alex MERSON et al., Appellants,**

v.

**Peter MUIR, Appellee.**

Court of Appeals of Kentucky.

Nov. 18, 1955.

S. Arnold Lynch, Robert W. Zollinger, Louisville, for appellants.

C. Hayden Edwards, Louisville, for appellee.

MONTGOMERY, Judge.

Alex Merson and Gordon Long appeal from an order of the Jefferson Circuit Court denying the remedy of mandamus against Peter Muir, police court judge, City of Louisville. Previously, appellants were

denied the same relief in an original proceeding in this Court. Merson v. Muir, Ky., 269 S.W.2d 272.

The question is whether appellants are entitled to an order of mandamus against a police court judge of a first-class city, requiring him to redocket two cases for trial when appellants failed to make a motion for a new trial in due time after nonappealable fines had been adjudged against them.

Appellants were arrested on November 16, 1953, on charges of disorderly conduct and violating a city ordinance. In a proceeding on that same day before the police court judge, they were fined $15 each upon a plea of not guilty to the disorderly conduct charges. The other charges were filed away. No sworn testimony was offered; no jury was impaneled. Neither appellant was represented by counsel, nor does the record show that either requested any counsel.

On December 1, 1953, each appellant filed a motion asking that his case be docketed for trial and for correction of clerical misprisions. Essentially, the motions sought new trials. These motions were overruled. Since more than ten days had elapsed following the entry of judgment, the police court no longer had any control over, or jurisdiction in, the matter. KRS 26.070(3). Appellants' unsuccessful effort in this Court then followed.

■ Generally, there is no provision for an appeal in criminal cases to the circuit court from the judgment of an inferior court where the fine is less than $20. Criminal Code of Practice, Section 362; KRS 26.080(1). The failure, or refusal, of the Legislature to provide for such an appeal is within its power and discretion. Lakes v. Goodloe, 195 Ky. 240, 242 S.W. 632; Walters v. Fowler, Ky., 280 S.W.2d 523.

■ An order or judgment of a police court in a first-class city may be modified, set aside, or annulled on motion within three days from the date of entry of the order or judgment. KRS 26.070(1). This remedy was available to the appellants, but they made no use of it. No excuse for this failure is given except to say that it would have been futile. The failure to avail oneself of the remedy provided against adverse decisions of the lower tribunal within the proper period cannot be excused by the contention that such remedy would have been fruitless anyway; and mandamus will not lie to relieve the applicant of the consequences of his neglect in such a case. 145 A.L.R., at page 1055.

■ By failure to make use of the available statutory remedy, appellants waived such rights. When a party has lost the remedy available to him through his own neglect or failure to act, mandamus will not lie to restore it. McFarland v. Gilbert, 276 Ky. 423, 124 S.W.2d 473. See 145 A.L.R., at page 1046.

Judgment affirmed.