Harold BERRY, Appellant,

v.

Dan GRAY, Warden, Kentucky State
Reformatory, Appellee.

Court of Appeals of Kentucky.

Feb. 15, 1957.

Harold Berry, LaGrange, pro se.

Jo M. Ferguson, Atty. Gen., Robert F.
Matthews, Jr., Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Harold Berry, who is serving a life sentence in the state reformatory under a conviction of rape, filed a petition in the circuit court of the county in which the reformatory is located, seeking a writ of habeas corpus on the ground that the judgment of conviction was void. The circuit court dismissed the petition and Berry has appealed.

The asserted ground of invalidity of the judgment of conviction is that Berry did not have proper assistance of counsel upon his trial. Berry's petition alleged that he was indicted for rape in Breckinridge County and was brought before the Breckinridge Circuit Court for trial; his parents employed one S. H. Monarch to represent him as counsel; Monarch did represent him upon the trial and with Monarch's advice he entered a plea of guilty,

following which the jury returned a verdict fixing a life sentence; that at the time of the trial, and at the time of his employment as counsel, Monarch was holding the office of county attorney of Breckinridge County, as a result of which he was disqualified by reason of conflict of interests from representing Berry. Attached to Berry's petition was a certified copy of the trial order of the Breckinridge Circuit Court in the rape prosecution, which recited:

"The defendant, Harold Berry, being in open Court being arraigned waived all formalities, entered plea of guilty, however, indictment was read to him, represented by S. H. Monarch, Commonwealth of Kentucky, by attorney, and defendant announced ready for trial. * * *"

Also attached to the petition was a certificate of the county court clerk of Breckinridge County that Monarch had taken office as county attorney on January 4, 1954, approximately one month before Berry's arrest on the rape charge.

Berry's argument is that he was deprived of effective assistance of counsel by reason of the fact that Monarch was an official representative of the Commonwealth who by statute was required to aid the Commonwealth's attorney in prosecutions, and forbidden to act as counsel in opposition to the interest of the county, KRS 69.-210, and therefore the judgment of conviction was void. He relies upon such cases as Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and Powell v. Alabama, 287 U.S. 45, 68, 69, 53 S.Ct. 55, 77 L.Ed. 158, 170, 171.

█ It is true that the Supreme Court of the United States has held that the denial of effective assistance of counsel constitutes a denial of due process and may render a judgment of conviction void. It is also true that the right of counsel guaranteed by Section 11 of the Kentucky Constitution extends to a person who pleads guilty. Gholson v. Commonwealth, 308 Ky. 82, 212 S.W.2d 537. However, this Court in the past has subscribed to the view that denial of a constitutional guaranty, such as the right of representation by counsel, will not render a judgment of conviction *void*, if the court had jurisdiction of the person and of the subject matter. Smith v. Buchanan, 291 Ky. 44, 163 S.W. 2d 5, 145 A.L.R. 813; Owen v. Commonwealth, Ky., 280 S.W.2d 524.

█ None of the Supreme Court cases has involved representation by a counsel who had conflicting interests of the nature here presented. Accordingly, although there may be some compulsion upon us to depart from the holding in Smith v. Buchanan, in a case where the defendant has no counsel, there is no precedent to compel us to the view that an attorney with conflicting interests is the equivalent of no attorney at all.

There is no assertion in Berry's petition that Monarch did not act fairly and impartially, and advise Berry honestly and to the best of his ability. There is no claim of fraud or deception. As far as the record shows, Berry was fully aware of the fact that Monarch was county attorney at the time of the trial.

We are not disposed, under the circumstances of this case, to hold that there was such a violation of the accused's rights as to render the judgment void.

█ We have considered this case on the basis that Monarch did in fact represent Berry, as alleged in Berry's petition and as recited in the trial order attached to the petition. There is an element of contradiction in the record as concerns the fact of actual representation, arising from a purported letter from Monarch to Berry, which Berry submitted to the circuit court at the time his petition was heard, with a request that it be filed "as part of the documentary evidence." In this letter, Monarch stated that he did not represent Berry on the rape trial, and "was not even pres-

**126**

ent at the time." We are of the opinion that the unauthenticated letter was not acceptable as proof in contradiction of the verified petition and affidavits of Berry, and the certified copy of the trial order, all asserting that Monarch did in fact represent Berry on the trial.

The judgment is affirmed.