Avery **ADKINS** et al., Appellants,

v.

**COMMONWEALTH** of Kentucky et al., Appellees.

*Court of Appeals of Kentucky.*

Oct. 16, 1959.

---

Avery Adkins, Willie Conley, pro se.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellees.

MONTGOMERY, Chief Justice.

Avery Adkins and Willie Conley were jointly indicted for grand larceny of an auto tire of the value of more than $20. Upon their plea of guilty and by agreement with the Commonwealth, the Court sentenced each of them to three years' confinement in the penitentiary. From a denial of their joint application for writs of habeas corpus, they have appealed.

The application for the writs of habeas corpus was based on the statement of the owner of the stolen property that it was worth only $6 instead of over $20, and on a letter from the trial judge to the parole board in which he stated that his later investigation had disclosed that the alleged stolen tire was worth much less than $20. Appellants contend that they should have been charged with petit larceny instead of grand larceny because of the lesser value of the tire.

A writ of habeas corpus to relieve a petitioner from the consequences of a judgment of conviction in a criminal prosecution does not lie unless the judgment is void as disclosed by the record in which the judgment was rendered. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813. No irregularity in the record or judgment is pointed out by appellants. They were represented by and acted upon the advice of counsel. No complaint is made as to the conduct or services of the trial counsel. In effect, appellants seek relief on the basis of newly discovered evidence which could or should have been available and shown at the time of trial had due and proper diligence been exercised. Habeas corpus cannot be resorted to for the purpose of procuring a new trial on the ground of newly discovered evidence. Jones v. Commonwealth, 269 Ky. 772, 108 S.W.2d 812. The application for the writs was properly denied.

Judgment affirmed.