**Kelly MOSS, Appellant,**

v.

**William L. JONES, Superintendent, Kentucky State Penitentiary, Eddyville, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1961.

Emery & Carroll, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., for appellee.

MONTGOMERY, Judge.

Kelly Moss appeals from an order dismissing his petition for a writ of habeas corpus. The judgment sentencing him to death on a conviction of murder was affirmed and petition for rehearing was denied. Moss v. Commonwealth, Ky., 332 S.W.2d 650.

The petitioner asserts that the judgment is void because: (1) He was denied the opportunity to obtain the presence of certain witnesses at his trial; (2) he was given no examining trial and was never arraigned until the date of his final trial; and (3) the prosecuting attorney was in the jury room with the jurors shortly before the jury returned its verdict in open court. It is claimed that each alleged error is a violation of the due process clause of Amendment XIV, United States Constitution, and of Sections 11 and 14, Kentucky Constitution.

■ The question presented is whether the petition states a valid ground upon which the writ of habeas corpus may be issued. If the petition is insufficient in this respect, it is subject to dismissal for failure to state a claim for relief. Harrod v. Whaley, Ky., 239 S.W.2d 480; Burks v. Commonwealth, Ky., 259 S.W.2d 68. The rule is that habeas corpus is not available to obtain release from imprisonment under a judgment of conviction of a crime unless the judgment is void. McLaughlin v. Barr, 191 Ky. 346, 230 S.W. 304; Hoskins v. Buchanan, 311 Ky. 246, 223 S.W.2d 904; Thomas v. Maggard, Ky., 313 S.W.2d 271.

■ Further, the invalidating defects rendering the judgment void must be shown in the record of the trial. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813; Adkins v. Commonwealth, Ky., 328 S.W.2d 412. Habeas corpus does not lie to correct hidden errors which were unknown to the court and defendant at the time of judgment. Elliott v. Commonwealth, 292 Ky. 614, 167 S.W.2d 703, certiorari denied Elliott v. Buchanan, 319 U.S. 775, 63 S.Ct. 1434, 87 L.Ed. 1722, rehearing denied 320 U.S. 810, 64 S.Ct. 29, 88 L.Ed. 489. Even the denial of a constitutional right will not render a judgment void if the court had jurisdiction of the person and of the offense. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813; Owen v. Commonwealth, Ky., 280 S.W.2d 524.

Appellant complains that he was denied the opportunity to obtain the presence of certain witnesses at his trial. These witnesses are not identified in the petition except as residents of Evansville, Indiana, and Chicago, Illinois. From the trial record these witnesses are identified as Gaylord Grant and Woodrow Moss. The latter is further identified as appellant's brother and is described in the petition as an eyewitness. In the affidavit as to what these witnesses would state, filed in support of the motion for a continuance, no mention is made that Woodrow Moss was an eyewitness. His only testimony therein related to a threat by the decedent.

■ The record of the trial shows that appellant was represented at the trial and on his appeal to this Court by counsel other than his present counsel. It also shows that the trial was begun on May 22, 1958, after both parties had announced ready for trial. A jury was selected and sworn on that date. Appellant filed his motion for a continuance the next day, based on the absence of several witnesses, including the two named, all of whom, except the two non-residents, appeared during the trial and were available as witnesses but were not called by the defendant. No objection was made to the order overruling the motion for a continuance. No error on this ruling was claimed in the motion and amended motion for a new trial. Even if objection had been properly made, such alleged error would have afforded no basis for relief by habeas corpus. Elliott v. Commonwealth of Kentucky, D.C., 45 F.Supp. 902.

The details concerning the first ground upon which relief is claimed are set forth at length in order to demonstrate the absolute lack of merit therein. Each of the other grounds urged by appellant has been examined in connection with the trial record and has been found equally meritless. Appellant was arraigned and entered his plea of not guilty on the day his trial began and after he had announced ready for trial. No objection was ever made concerning the

arraignment or lack of an examining trial. The alleged presence of the prosecuting attorney in the jury room with the jurors was presented for the first time in the petition for habeas corpus. There is no suggestion in the trial record of any such conduct. The affidavits of appellant's mother and brother, who claimed to have seen this conduct, are filed in support of this alleged ground for relief. They were made about two years after the trial and after the petition for rehearing had been denied and the judgment of conviction had been made final.

An examination of the record of the trial and appeal of the conviction of Kelly Moss for murder reveals no basis for the second and third asserted grounds for relief. Had the alleged errors been shown by the trial record, they are not sufficient to make the judgment void and thus afford no basis for issuance of the writ. There being no question as to the jurisdiction of the trial court over the person and the offense, the petition was properly dismissed.

Judgment affirmed.

PALMORE, J., not sitting.