Booker W. DAVIDSON, Petitioner,

v.

Honorable L. R. CURTIS, Judge, Jefferson Circuit Court, etc., Respondent.

Court of Appeals of Kentucky.

March 24, 1961.

Booker W. Davidson, pro se.

Carl C. Ousley, Jr., Asst. Common-wealth's Atty., Louisville, for respondent.

MONTGOMERY, Judge.

Booker W. Davidson is now serving a life sentence for armed robbery under a judgment rendered September 28, 1949, in the Jefferson Circuit Court. He was represented by counsel and pleaded guilty. No appeal was taken. He now petitions this Court to invoke its power under Section 110, Kentucky Constitution, to require the Honorable L. R. Curtis, Judge, Criminal Branch, Second Division, Jefferson Circuit Court, to compel the clerk of his court to file petitioner's motion to vacate the 1949 judgment.

The response sets forth that the petitioner filed five petitions for writs of coram nobis or habeas corpus in the same court from November 25, 1952, through August 2, 1955. The same grounds for relief alleged therein are the bases for the present petition. Each of the five petitions was decided adversely to petitioner, and no appeal was taken. In addition, this Court has entertained an aborted habeas corpus proceeding filed by petitioner from the Lyon Circuit Court. Davidson v. Buchanan, Ky., 271 S.W.2d 373, certiorari denied 348 U.S. 919, 75 S.Ct. 305, 99 L.Ed. 721.

Petitioner complains that he and his counsel had an agreement with the prosecutor as to the length of his sentence; that the prosecutor refused to keep the agreement; that petitioner was refused a continuance; and that he was thus forced to enter his plea of guilty and received a life sentence. This is the minimum penalty. KRS 433.140.

No question is presented as to the jurisdiction of the trial court over the person or subject matter of the criminal proceeding in which petitioner was convicted. Each of the alleged errors complained of could have been considered on an appeal from the original judgment. Petitioner has failed to state any ground for relief. The controlling principles are fully discussed in the following decisions and in the cases cited therein: Evans v. Humphrey, 281 Ky. 254, 135 S.W.2d 915; Union Trust Company v. Garnett, 254 Ky. 573, 72 S.W. 2d 27; Merson v. Muir, Ky., 284 S.W.2d 811; Meredith v. Commonwealth, Ky., 312 S.W.2d 460; Childers v. Stephenson, Ky., 320 S.W.2d 797; Moss v. Jones, Ky., 342 S.W.2d 522; Jackson v. Commonwealth, Ky., 344 S.W.2d 381; Lloyd v. Jones, Ky., 344 S.W.2d 618.

The motion to vacate the judgment should have been filed. The merits of that motion have been considered in this original proceeding. It is concluded that petitioner has shown no basis for the exercise of the authority contained in Section 110, Kentucky Constitution, and was not prejudiced by the failure to file his motion to vacate the judgment.

The last paragraph in the Lloyd case is pertinent here.

Relief denied.