**514**

Haynes E. ROBINSON, Appellant,

v.

William L. JONES, Warden, Kentucky State Penitentiary, Appellee.

Court of Appeals of Kentucky.

June 9, 1961.

Haynes E. Robinson, pro se.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst. Atty. Gen., for appellee.

BIRD, Chief Justice.

A writ of habeas corpus was denied and the petition was by judgment dismissed. Petitioner appeals.

In Adkins v. Commonwealth, Ky., 328 S.W.2d 412, 413, we said:

"A writ of habeas corpus to relieve a petitioner from the consequences of a judgment of conviction in a criminal prosecution does not lie unless the judgment is void *as disclosed by the record in which the judgment was rendered.* Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813. * * *" (Emphasis added.)

The record upon which petitioner was convicted does not show the errors upon which he claims his right to writ of habeas corpus. In fact the judgment refutes the claim.

The petitioner contends that he was denied counsel in violation of his constitutional rights. However, the judgment of conviction reads as follows:

"This day the defendant was brought into Court by the Sheriff. Comes his Attorney, Mr. Kaplan.

"The defendant in person and by Counsel waived arraignment and pleaded that he was guilty of the crime as charged in the indictment. By consent the law and facts of this case was presented to the Court without the intervention of a Jury, and the Court being advised, and on recommendation of the Commonwealth's Attorney, and agreed to by the defendant in person and by Counsel, finds the defendant guilty as charged in the indictment and fix his punishment at confinement in the Penitentiary for a term of 8 years.

"The defendant being informed of the nature of the indictment, plea and verdict, was asked if he had any legal cause to show why judgment should not now be pronounced against him; and none being shown, it is therefore ordered and adjudged by the Court that the defendant be taken by the Sheriff of Jefferson County to the Jail of Jefferson County and from there by the Sheriff of said County to the State Penitentiary for a term of 8 years."

It is apparent that the judgment refutes petitioner's claim. Nowhere does the rec-

ord show the irregularities of which he complains.

Under the authority cited the trial court was correct in denying the writ and dismissing the petition.

The judgment is therefore affirmed.