Stoy DECKER and Robert Cox, Appellants,

v.

Solon F. RUSSELL, Sheriff of Jefferson County, Ky., et al., Appellees.

Court of Appeals of Kentucky.

June 1, 1962.

Sandy Paniello, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, Lawrence A. Higgins, Commonwealth's Atty., Louisville, for appellees.

STANLEY, Commissioner.

The appellants, Stoy Decker and Robert M. Cox, were convicted of violating KRS 437.110, which provides "punishment by fine or imprisonment or both in the discretion of the jury" of anyone who with one or more persons "shall confederate or band themselves together and go forth for the purpose of intimidating, alarming, disturbing or injuring any person" etc. The particular circumstances were that the accused had violently assaulted and fired a tear gas bomb in the face of Lloyd Alexander. The judgment on the verdict sentenced the two appellants to imprisonment in jail for a term of four years and imposed fines of $2,500 on each of them. By a memorandum opinion we overruled their motion for an appeal because of the absence of error. Decker v. Commonwealth, Ky., 344 S.W.2d 831, Cert. Den. 365 U.S. 870, 81 S.Ct. 904, 5 L.Ed.2d 860. Fred Guinn was jointly tried with the appellants and convicted, but we reversed the judgment against him on the ground that the evidence of his participation in the crime did not sustain the verdict. Guinn v. Commonwealth, Ky., 331 S.W.2d 886.

The present appeal is from a judgment denying the appellants' release from jail on a writ of habeas corpus after a hearing by the court on a provisional writ.

The petition for habeas corpus set forth many grounds, including the allegation of a violation of several constitutional rights. On the appeal, however, the only grounds urged are that the penalty imposed exceeded the statutory limit and constituted cruel punishment, which § 17 of the Kentucky Constitution and the Eighth Amendment of the Federal Constitution prohibit.

The argument on the first point rests on the premise that the offense described by KRS 437.110(1) is a common law misdemeanor for which KRS 431.075 provides a penalty of imprisonment in jail for a term not exceeding twelve months or a maximum fine of $5,000 or both.

Prior to 1948 the offense denounced by KRS 437.110(1) was a felony punishable by imprisonment in the penitentiary from one to five years. § 1241A–1, Ky.Stats., KRS 437.110, 1943 Edition. An Act of 1948, Ch. 22, amended and con-

888

solidated sections of the statutes covering statutory criminal conspiracies into the present KRS 437.110(1) and provided the penalty stated above. This is a statutory misdemeanor and is not the common law misdemeanor of conspiracy. It is not within the terms of KRS 431.075. James v. Commonwealth, Ky., 259 S.W.2d 76.

On the hearing of this habeas corpus proceeding the trial court indulged the petitioners' introduction of two members of the 1950 Legislature who testified that it was the intention of the Act of that year, which became KRS 431.075, that it should embrace all misdemeanors, including that described in KRS 437.110(1). This is, indeed, a novel resort for construing a statute. Of course, the testimony was disregarded by the trial court, as it is by this appellate court. See Wheeler v. Board of Commissioners of City of Hopkinsville, 245 Ky. 388, 53 S.W.2d 740.

The conclusion of the whole matter is that the claimed ground of punishment in excess of that prescribed by the statute was argued and considered on the appeal from the judgment of conviction and decided adversely. The judgment may not be attacked collaterally in an habeas corpus proceeding, for it is not shown that it is void. Commonwealth v. Crawford, 285 Ky. 382, 147 S.W.2d 1019; Adkins v. Commonwealth, Ky., 328 S.W.2d 412.

The second ground is also without legal merit. The statute, KRS 437.110(3), as stated, places no maximum limitation on the term of imprisonment that a jury may impose in its discretion. In Weber v. Commonwealth, 303 Ky. 56, 196 S.W.2d 465, we referred to the historical background of the constitutional prohibitions against cruel punishment for crime, and said that where no maximum penalty is prescribed, a jury may not act arbitrarily but must be controlled by the nature and enormity of the offense, so that excessive verdicts apparently returned under the in-

fluence of prejudice will be set aside. But we held a penalty of confinement in jail for four years and a $5,000 fine was not cruel and inhuman punishment for an aggravated common law assault and battery. The record of this case is that the banding together of the defendants—"ganging up," in the vernacular—was conceived in malice and executed with brutality.

But this ground of reversal of the present habeas corpus judgment was not raised on the original appeal as it might have been as one of error. The severity of the penalty imposed for a criminal offense does not render the judgment void. We are among the courts which hold that the denial of a constitutional right does not invalidate a judgment of conviction where the court which tried the case had jurisdiction. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813; Owen v. Commonwealth, Ky., 280 S.W.2d 524; Berry v. Gray, Ky., 299 S.W.2d 124, 125.

Judgment affirmed.