William Ray JONES, Petitioner,

v.

David L. DAVIS, Warden, Kentucky State Reformatory, Respondent.

Civ. A. No. 4516.

United States District Court
W. D. Kentucky,
at Louisville.

Jan. 22, 1964.

Order affirmed 336 F.2d 594.

William Ray Jones, LaGrange, Ky., Kenneth B. Kusch, Louisville, Ky., for petitioner.

Robert Matthews, Atty. Gen. of Kentucky, Frankfort, Ky., for respondent.

BROOKS, Chief Judge.

In this habeas corpus proceeding petitioner seeks his release from confinement in the Kentucky State Reformatory where he is serving a sentence of life imprisonment. That sentence was imposed by a judgment of the Pulaski Circuit Court entered upon petitioner's plea of guilty to an indictment charging him under K. R.S. 431.190, the Kentucky Habitual

Criminal Act, with storehouse breaking and two previous felony convictions. Petitioner was granted leave to proceed in forma pauperis.

The grounds relied upon by petitioner in support of his claim that he was denied due process of law are: (1) that, contrary to K.R.S. 203.340 which provides for psychiatric examination of persons indicted as habitual criminals, he was not at any time given a psychiatric examination; (2) that he was denied his right to the assistance of counsel; (3) that he was not informed, and did not understand, that he was pleading guilty to an habitual criminal charge or that he was pleading guilty to an offense for which a sentence of life imprisonment was made mandatory by statute; and (4) that the Commonwealth introduced no evidence of previous felony convictions to support the habitual criminal charge. In addition, the Court will treat as a separate ground the statement in the petition that petitioner "is mentally retarded, which the Court was well aware of, he was, due to his mental condition, immune from legal responsibility, that is, criminal responsibility * * *."

The petition also discloses that after the imposition of sentence petitioner was given a hearing upon a Motion to Vacate Judgment in the Pulaski Circuit Court, that the Motion to Vacate Judgment was thereafter denied, that the Court of Appeals of Kentucky affirmed in an unreported Memorandum Opinion and dismissed petitioner's appeal, and that the Supreme Court denied certiorari, 371 U.S. 959, 83 S.Ct. 517, 9 L.Ed.2d 506. The respondent has filed and relied upon the Memorandum Opinion of the Court of Appeals to defeat the petitioner's claims. Although the Memorandum Opinion discloses that the Court of Appeals considered and held to be without merit the first four grounds for relief relied upon by petitioner herein, this Court has, on its own motion and on the authority of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), caused to be filed in this Court the record, including the transcript of evidence, of the hearing in the Pulaski Circuit Court on petitioner's Motion to Vacate Judgment in order that this Court might make an independent determination of the correctness of the Pulaski Circuit Court's findings of fact (1) that petitioner was represented by counsel and (2) that he understood the nature of the charge to which he was pleading guilty and that conviction of that offense carried a mandatory sentence of life imprisonment.

■ Concerning the first ground raised by petitioner, namely, the failure of the responsible officials to cause petitioner to be examined by a psychiatrist pursuant to K.R.S. 203.340, the Court of Appeals held that this was not grounds for vacating the judgment. This is in accord with prior decisions of the Kentucky Court that an accused acquires no rights under K.R.S. 203.340 and that the purpose of that section was to enable the Commonwealth to obtain medical advice as to the mental competency of the accused and thus to determine, before incurring the expense of a trial, whether the accused should be committed to a mental hospital rather than a penal institution. Mercer v. Commonwealth, 346 S.W.2d 761 (Ky.1961). See also Harrod v. Commonwealth, 311 Ky. 810, 226 S.W. 2d 4 (1950).

■ As to the second and third grounds for relief, they involve questions of fact and, as previously noted, the Pulaski Circuit Court found after a full hearing that the petitioner was represented by counsel and was fully informed of the charge against him and of the mandatory life sentence which it carried. A review of the transcript of evidence in the hearing on petitioner's Motion to Vacate Judgment in the Pulaski Circuit Court provides convincing proof that petitioner was afforded a full and fair hearing. It is shown that when petitioner's case was called at the January 1961 term of the Pulaski Circuit Court the Court appointed three members of the bar of that Court to represent petitioner. A fourth attorney, whom petitioner requested the

Court to appoint to represent him, was not present in court at the time but upon his arrival a short time later he also was appointed and joined the other three attorneys who were conferring with petitioner in private.

The Grand Jury had returned three indictments against petitioner, each indictment charging him with having committed a felony and with having been twice previously convicted of a felony. Upon learning the circumstances surrounding the petitioner's arrest and the charges against him, the attorneys concluded that no adequate defense to the charges could be made and that it would be in petitioner's best interests to attempt, according to the accepted and prevailing practice in the state courts, to reach an agreement with the Commonwealth Attorney whereby two of the indictments would be dismissed upon petitioner's plea of guilty to the third indictment, thus ensuring petitioner's eligibility to be considered for parole in the minimum time of eight years.

Having obtained the Commonwealth Attorney's consent to this proposal, the attorneys explained to petitioner the details of the agreement, the effect of a plea of guilty, and the sentence which he would necessarily receive under the mandatory provisions of K.R.S. 431.190.

The trial judge was informed of the agreement, and the petitioner was again brought before the Court. A jury was impanelled, and after the reading of the indictment the petitioner, with at least one of his attorneys present, entered his plea of guilty. Pursuant to written instructions by the Court, the jury found the petitioner guilty and fixed his punishment at imprisonment for life. At a later date the other two indictments were dismissed, as agreed, upon motion of the Commonwealth Attorney.

■ Petitioner's fourth ground, the failure of the Commonwealth to introduce any proof in support of that portion of the indictment which charged the petitioner with having been twice previously convicted of a felony, does not entitle him to relief by habeas corpus. On petitioner's appeal from the Pulaski Circuit Court judgment the Court of Appeals held that this was not a ground for vacating the judgment, citing Nash v. Commonwealth, 272 S.W.2d 464 (Ky. 1954). The Nash case held that where the accused understandingly pleads guilty to an indictment charging him with the commission of a felony and with having been previously convicted of two additional felonies, he admits the truth of the entire indictment, and the Commonwealth is not required to offer any proof of the accused's guilt of the immediate offense or of the prior felony conviction. This does not offend any requirement of substantive or procedural due process, and the case of United States ex rel. Collins v. Claudy, 204 F.2d 624 (3rd Cir.1953), is distinguishable in that here petitioner entered his plea with full knowledge that he was charged with being an habitual criminal, with a full understanding that he was pleading guilty not only to the offense of storehouse breaking but also to having been previously convicted of two additional felonies, and with a full awareness that the statute made mandatory and that he would receive a sentence of life imprisonment.

■ Concerning petitioner's claim of mental retardation, the petition does not show that this question was ever raised in any of the state court proceedings or why it was not raised. Even now it may be that, upon a proper showing, the question could be presented to the trial court by a motion under Rule 60.02 of the Kentucky Rules of Civil Procedure in the nature of coram nobis proceedings. See Wallace v. Commonwealth, 327 S.W.2d 17 (Ky.1959); Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813 (1942). Petitioner has made no showing that he has exhausted his state remedies as to this question, and therefore this Court is without jurisdiction to decide the matter. 28 U.S.C.A. § 2254.

■ Assuming, however, that the petitioner would no longer be able to raise

this question in a state court, it is well settled that in the absence of special circumstances showing that the petitioner was denied due process, the issue of his insanity is a matter of defense and cannot be raised for the first time in habeas corpus proceedings in federal court. Hollis v. Ellis, 261 F.2d 230 (5th Cir.1958); McMahan v. Hunter, 150 F.2d 498 (10th Cir.1945), cert. denied, 326 U.S. 783, 66 S.Ct. 332, 90 L.Ed. 475; Hall v. Johnston, 86 F.2d 820 (9th Cir.1936).

For the foregoing reasons, the petitioner is not entitled to the relief sought.

It is therefore ordered that the petition be and it is hereby dismissed.