Sam **COPELAND**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 2, 1967.

J. William Howerton, Paducah, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Sam Copeland, who is serving a life sentence in the state penitentiary as an habitual criminal pursuant to a 1946 judgment of the Muhlenberg Circuit Court upon a verdict which found him guilty of storehouse breaking and of having in 1927 and 1938 been convicted in the McCracken Circuit Court of previous felonies, filed a motion in the McCracken Circuit Court under CR 60.02 to set aside the 1927 and 1938 convictions on the ground that he did not have counsel at the trials which resulted in those convictions. (This was a preliminary step designed hopefully to lead eventually to the setting aside of the habitual criminal conviction on the ground that the prior convictions were void. Cf. Wilson v. Commonwealth, Ky., 403 S.W.2d 710.) After a full hearing, the circuit court entered an order overruling the motion. Copeland has appealed from that order.

The 1927 sentence was for one year; the 1938 one was for two years. Both were imposed upon guilty pleas. Both, of course, had been served out long before the 1946 conviction. The records of the 1927 and 1938 trials are completely silent as to whether Copeland had counsel; he testified at the hearing on the instant motion that he did not have counsel. For the reasons hereinafter stated we do not find it necessary to consider the question of whether the presumption of regularity particularly applicable to proceedings of many years ago would warrant a finding, such as the circuit court made here, that Copeland *did* have counsel.

In Gayes v. State of New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962 (1947), there was a factual situation similar to the one here involved. A prisoner sought relief from an habitual criminal conviction of 1941 on the ground that a prior conviction of 1938 (which made him subject to the habitual criminal law) was void because he was denied counsel. The Supreme Court held that the denial by the state court of the requested relief was proper because it appeared that the accused, although having a full opportunity on his 1941 trial to raise the question of the invalidity of the 1938 conviction, had not done so.

Copeland, at his 1946 trial, was represented by employed counsel. In 1942, four years previous to that trial, this Court, in Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813, had held that coram nobis was available as a remedy to set aside a criminal judgment on the ground of lack of counsel. Thus, at the time of Copeland's 1946 trial a remedy was available by which Copeland could have obtained relief from the claimed previous denial of the right to counsel guaranteed him by the *Kentucky* Constitution. His counsel at the 1946 trial was chargeable with knowledge of the existence of that remedy—one which Kentucky itself provided. It is of no significance that the federal remedy did not arise until 1963 with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

Copeland says that *he* did not know he had a remedy until Gideon achieved prominence. However, nothing but chaos could result if the courts were to hold that a person is not bound by his lawyer's decisions on matters affecting his legal rights unless the person himself fully knew and comprehended those rights.

It is our conclusion that the claimed invalidity of the 1927 and 1938 convictions could and should have been raised at the 1946 trial, and that the 1946 conviction cannot now be attacked on that ground.

The order is affirmed.

All concur.