762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY WAYNE LOGSDON, PETITIONER-APPELLANT,
v.
GEAN SCROGGY, ET AL., RESPONDENTS-APPELLEES.
 NO. 84-5950
 United States Court of Appeals, Sixth Circuit.
 4/12/85
 ORDER
 
 1
 BEFORE: MERRITT and CONTIE, Circuit Judges; and KINNEARY, District Judge.*
 
 
 2
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. An attempt was made on November 5, 1984 to have appellant file an informal brief, but he has neither filed the informal brief nor any other correspondence with the court since that time. After examination of the record and the appellant's motion, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 This is an appeal from the district court's judgment dismissing Logsdon's petition for habeas corpus relief made pursuant to 28 U.S.C. Sec. 2254. The appellant is presently serving a thirty year sentence for robbery and first degree persistent felony offender (PFO) at Kentucky State Penitentiary, Eddyville, Kentucky. The substance of this action concerns that appellant's collateral attack upon a 1975 Robbery conviction. The 1975 conviction provided a basis for the PFO conviction. See KRS 532.080.
 
 
 4
 The appellant was precluded from attacking the 1975 conviction in state court because he did not challenge that conviction at the PFO trial. See Alvey v. Com., 648 S.W.2d 858 (Ky. 1983); Gross v. Com., 648 S.W.2d 853 (Ky. 1983); Copeland v. Com., 415 S.W.2d 842 (Ky. 1967). Where a state procedural rule precludes litigation of a constitutional claim in state court, one is estopped from raising that claim in a federal habeas proceeding absent a showing of cause and prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). The district court properly dismissed this case because the appellant has not shown actual cause for his failure to challenge the 1975 conviction at the PFO trial.
 
 
 5
 Accordingly, the judgment of the district court is affirmed for the reasons set forth in the memorandum opinion of Judge Charles M. Allen dated September 27, 1984.
 
 
 
 *
 The Honorable Joseph P. Kinneary, U.S. District Judge for the Southern District of Ohio, sitting by designation